# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| WL Homes, LLC, *et al.* | ) | Case No. 09-10571 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | **Objections Due: TBD** |
| _____ | ) | **Hearing Date: TBD** |

## MOTION OF CLASS PLAINTIFFS IN *IN RE KITEC FITTING LITIGATION* FOR RELIEF FROM AUTOMATIC STAY

*In Re Kitec Fitting Litigation*, Case No. A493302 ("In Re Kitec") is a class action pending since 2006 in the Eighth Judicial District Court, Clark County, Nevada ("Nevada Class Action"). Nevada Class Action Claimants ("Movants") hereby request that this Honorable Court enter an Order pursuant to 11 U.S.C. § 362 (d)(1) and Bankruptcy Rule 4001 granting relief from the automatic stay to proceed to trial on May 18, 2009 in the Nevada Class Action. In support of their motion, Movants state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue of the Debtors' Chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are pursuant to 11 U.S.C. §§ 105(a), 362(d) and 1141 and Rule 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

#70592v2

## PROCEDURAL BACKGROUND

2.      On February 19, 2009 ("Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") which cases were administratively consolidated.  Debtors continue in the possession of their property and the management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Code.

## FACTUAL BACKGROUND

3.      The Nevada Class Action was filed on February 15, 2006 - three years before the Petition date (the "Original Complaint").  (A copy of the Original Complaint is attached hereto as Exhibit "1" and is incorporated herein by reference.)  The Nevada Class Action asserts claims for products liability, strict products liability, breach of express warranty, breach of implied warranty, breach of warranty of merchantability, negligence, and breach of implied warranties of merchantability against numerous defendants.  The Original Complaint did not include Debtors as parties to the action; however, a separate action naming WL Homes as a party was filed in District Court, Clark County, Nevada on January 24, 2007 (the "Second Complaint").  (A copy of the Second Complaint is attached hereto as Exhibit "2" and is incorporated herein by reference.

4.       On May 20, 2008, the Nevada District Court entered an Order Granting Joint Motion to Sever WL Homes LLC dba John Laing Homes Pursuant to NRCP 21 (the "Order") from the Second Complaint.  (A true and correct copy of the Order is attached hereto as Exhibit "3" and is incorporated herein by reference.)

#70592v2

5. On July 30, 2008, the Nevada District Court entered an Order Granting Joint Motion to Consolidate Claims against WL Homes, LLC dba John Laing Homes on Order Shortening Time. This joined the claims against WL Homes to the Original Complaint filed on February 15, 2006. (A true and correct copy of the order is attached hereto as Exhibit "4" and is incorporated herein by reference.)

6. Discovery is, or is close to, complete. After three years of litigation the matter is ready for a jury trial to commence on May 18, 2009 and the Nevada District Court has set aside six to eight months for completion of the trial.

## RELIEF REQUESTED

7. Pursuant to section 362(d) of the Code, Movants seek relief from the stay in order to proceed with the Nevada Class Action to final judgment. Movants do not seek recovery from the Debtors estate except to the extent of applicable insurance proceeds. Movants waive any deficiency or other claim against the Debtors' other than a claim against applicable insurance proceeds. (A copy of the Debtors' insurance policies is attached hereto as Exhibit "5" and is incorporated herein by reference.)

## BASIS FOR RELIEF

8. Bankruptcy Code section 362(d)(1) provides that a "court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause." 11 U.S.C. § 362(d)(1).

9. There is no definition of "cause" in the Bankruptcy Code. Therefore, "cause" must be

#70592v2

3

determined on a case-by-case basis. <u>International Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)</u>, 938 F.2d 731, 735 (7th Cir. 1991) (citing <u>In re Tuscon Estates</u>, 912 F.2d 1162, 1166 (9th Cir. 1990)); <u>Izzarelli v. Rexene Products Co. (In re Rexene Products Co.)</u>, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

10. In determining whether "cause" exists to lift the stay to permit a party to continue litigating an action in a non-bankruptcy court, courts in the Third Circuit apply the following three factor test:

(1) Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2) Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

(3) The probability of the creditor prevailing on the merits.

Rexene Products, 141 B.R. at 576; see also <u>American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)</u>, 152 B.R. 420, 424 (D. Del. 1993); *Levitz Furniture Inc. v. T. Rowe Price Recovery Fund, L.P.* (In re Levitz Furniture Inc.), 2000 Bankr. LEXIS 1322, *15 (Bankr. D. Del. 2000); <u>Save Power Limited v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.)</u>, 193 B.R. 713, 718 (Bankr. D. Del. 1996).

11. The legislative history to § 362(d)(1) makes it clear that relief from the automatic stay is particularly appropriate in circumstances such as these where there are claims pending in another jurisdiction or before another tribunal. "[I]t will often be more appropriate to permit proceedings to

continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977); see also Save Power Limited v. Pursuit Athletic Footwear (In re Pursuit Athletic Footwear, Inc.), 193 B.R. 713, 718 (Bankr.D.Del.1992); In re Rexene, 141 B.R. at 576; American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.), 152 B.R. 420, 424 (D. Del. 1993) (setting forth the criteria that courts should consider in determining whether "cause" exists to lift the stay to allow parties to litigate their dispute in a non-bankruptcy forum).

12. This Court, in the Continental Airlines decision referred to above, set forth the following framework for analyzing motions for relief from the automatic stay:

> "There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant. In balancing the competing interests of the debtor and the movant, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. See Int'l Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.) 938 F. 2d 731. 734-37 (7th Cir. 1991)."

Id. at 424.

13. All factors weigh heavily in favor of modifying the automatic stay to permit Movants to proceed with the Nevada Class Action to final judgment in the District Court, Clark County, Nevada. No prejudice to the estate will result because Movants seek to limit the recovery

#70592v2

from Debtors to applicable insurance of the Debtors and specifically waive any deficiency or other claim against the Debtors. The hardship to Movants considerably outweighs the hardship to the Debtors because any delay in trial risks substantial injury to the repair of Movants' homes. Finally, the probability of Movants prevailing on the merits in this action is very high given that Debtors were replacing the defective plumbing system installed within Movants' homes in recognition of the merits of Movants' action.

14. In determining whether a debtor will endure prejudice if the automatic stay is lifted and litigation is allowed to continue, courts examine the status of the underlying non-bankruptcy court action. In <u>In re SCO Group, Inc.</u>, 2007 WL 4224407 (Bankr. D. Del. Nov. 27, 2007) this Court specifically addressed the issue of when the Court should lift the automatic stay to allow for litigation to proceed. In that case, like the present case, the Motion for Relief from Stay was filed when the non-bankruptcy case was ready for trial. Similarly, the harm to Movants if the stay is denied would be substantial, because the trial – which is estimated to take over six to eight months and involves in excess of 30 other defendants - is set to proceed on May 18, 2009. Movants have expended substantial resources to prepare for this trial and face the possibility of an indefinite delay if the Nevada District Court is forced to find a new trial date.

15. Furthermore, most of the material witnesses work and reside in Nevada. Although not known for sure, it is almost certain that no witnesses are located in Delaware. Thus, not only Movants, but all parties, would incur the added expense if Movants' claims were determined in Delaware.

#70592v2

16. Administration of the estate will not be delayed by granting this Motion. Any inconvenience to the Debtors by the continuation of the pending Nevada Class Action is outweighed considerably by the hardship to the Movants. In fact, granting this Motion will facilitate Debtors' reorganization because Movants have agreed to waive any claim against the Debtors other than liquidation to proceed against applicable insurance proceeds.

WHEREFORE, based on the foregoing reasons, Movants pray for entry of an Order terminating the automatic stay of 11 U.S.C. § 362 (a) to allow them to proceed with the Nevada Class Action to final judgment and granting such other and further relief as the Court deems just and proper.

Dated: April 22, 2009

MONZACK MERSKY MCLAUGHLIN
AND BROWDER, P.A.

/s/ Rachel B. Mersky
Rachel B. Mersky (DE #2049)
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 656-8162
Facsimile: (302) 656-2769
Email: rmersky@monlaw.com

AND

KEMP, JONES & COULTHARD, LLP
J. Randal Jones (Nevada State Bar No. 1927)
3800 Howard Hughes Pkwy, 17th Floor
Las Vegas, NV 89169
Telephone: (702) 385-6000
Facsimile: (702) 385-6001

AND

#70592v2

LYNCH, HOPPER & SALZANO, LLP
Francis I. Lynch (Nevada State Bar No. 4145)
231 South Third Street, Suite 130
Las Vegas, NV 89101
Telephone: (702) 385-6000
Facsimile: (702) 385-6001

#70592v2