# EXHIBIT 1

**ORIGINAL**

**COMP**
J. RANDALL JONES, ESQ.
Nevada Bar No.: 001927
MELANIE A. ELLS, ESQ.
Nevada Bar No.: 008796
HARRISON, KEMP & JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89109
Tel. (702) 385-6000
Fax (702) 385-6001

*Attorneys for Plaintiffs*

FILED
FEB 15  3 58 PM '06

CLERK

# DISTRICT COURT

## CLARK COUNTY, NEVADA

TRACIE L. QUINTERRO, an individual;
ERIC W. QUINTERRO, an individual;
LADYBETH PANUSIS, an individual;
CHARLES PANUSIS, an individual; RAUL
GARCIA, an individual; BRENDA GARCIA,
an individual; STEPHEN INFERRERA, an
individual; and SHEILA INFERRERA, an
individual;

Plaintiffs,

v.

IPEX USA, LLC, a Delaware Corporation;
IPEX, INC., a Foreign Corporation;
CLASSIC PLUMBING, INC., a Nevada
Corporation; SHARP PLUMBING, INC., a
Nevada Corporation; COX & SONS
PLUMBING, INC., a Nevada Corporation;
DOES I-X; and ROE CORPORATIONS XI-
XX;

Defendants.

Case No.: A517493
Dept. No.: XV

**COMPLAINT FOR DAMAGES
and DEMAND FOR JURY TRIAL**

*Exempt from Arbitration:*
*Class Action*

COME NOW Plaintiffs, Tracie L. Quinterro, an individual, Eric W. Quinterro, an individual, Ladybeth Panusis, an individual, Charles Panusis, an individual, Raul Garcia, an individual, Brenda Garcia, an individual, Stephen Inferrera, an individual, and Sheila Inferrera, an individual ("Plaintiffs"), by and through their attorneys of record, Harrison, Kemp & Jones, LLP, and for their claims against Defendants, IPEX USA, LLC, a Delaware Corporation, IPEX, Inc., a Foreign Corporation (collectively "Defendant IPEX"), Classic Plumbing, Inc., a Nevada

HARRISON, KEMP, & JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89109
(702) 385-6000
Fax (702) 385-6001

1  Corporation, Sharp Plumbing, Inc., a Nevada Corporation, Cox & Sons Plumbing, Inc., a Nevada
2  Corporation, Does I-X, and Roe Corporations XI-XX, state, allege, and aver as follows:

## I.
## INTRODUCTION

3. 1. This is a class action for damages that Plaintiffs and all others similarly situated have incurred as a result of owning homes in Las Vegas, Nevada, with a Kitec plumbing system and Kitec fittings on their plumbing pipes (the "Subject Homes"). Defendants' failure to properly design, develop, manufacture, distribute, market, sell, and install the Kitec plumbing system Kitec fittings has caused Plaintiffs to suffer damages.

## II.
## PARTIES

2. At all times relevant hereto, Plaintiff, Tracie L. Quinterro, is and was an owner and occupant of real property located at 616 Doletto Street, Las Vegas, Nevada 89138, and a resident of Clark County, Nevada.

3. At all times relevant hereto, Plaintiff, Eric W. Quinterro, is and was an owner and occupant of real property located at 616 Doletto Street, Las Vegas, Nevada 89138, and a resident of Clark County, Nevada.

4. At all times relevant hereto, Plaintiff, Ladybeth Panusis, is and was an owner of real property located at 7457 Reynard Fox Place, Las Vegas, Nevada 89113, and a resident of Clark County, Nevada.

5. At all times relevant hereto, Plaintiff, Charles Panusis, is and was an owner of real property located at 7457 Reynard Fox Place, Las Vegas, Nevada 89113, and a resident of Clark County, Nevada.

6. At all times relevant hereto, Plaintiff, Raul Garcia, is and was an owner and occupant of real property located at 7408 Reynard Fox Place, Las Vegas, Nevada 89113, and a resident of Clark County, Nevada.

. . .
. . .

HARRISON, KEMP, & JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89109
(702) 385-6000
Fax (702) 385-6001

7. At all times relevant hereto, Plaintiff, Brenda Garcia, is and was an owner and occupant of real property located at 7408 Reynard Fox Place, Las Vegas, Nevada 89113, and a resident of Clark County, Nevada.

8. At all times relevant hereto, Plaintiff, Stephen Inferrera, is and was an owner and occupant of real property located at 2792 Hartwick Pines Dr., Henderson, Nevada 89052, and a resident of Clark County, Nevada.

9. At all times relevant hereto, Plaintiff, Sheila Inferrera, is and was an owner and occupant of real property located at 2792 Hartwick Pines Dr., Henderson, Nevada 89052, and a resident of Clark County, Nevada.

10. Plaintiffs are informed and believe and thereupon allege that, at all times relevant hereto, Defendant, IPEX USA, LLC, is and was a Delaware Corporation that designs, develops, manufactures, distributes, markets, and sells pipe products into Nevada.

11. Plaintiffs are informed and believe and thereupon allege that, at all times relevant hereto, Defendant, IPEX, INC., is and was a Foreign Corporation that designs, develops, manufactures, distributes, markets, and sells pipe products into Nevada.

12. Plaintiffs are informed and believe and thereupon allege that, at all times relevant hereto, Defendant, Classic Plumbing, Inc., is and was a Nevada Corporation that distributes and installs pipe products in Nevada.

13. Plaintiffs are informed and believe and thereupon allege that, at all times relevant hereto, Defendant, Sharp Plumbing, Inc., is and was a Nevada Corporation that distributes and installs pipe products in Nevada.

14. Plaintiffs are informed and believe and thereupon allege that, at all times relevant hereto, Defendant, Cox & Sons Plumbing, Inc., is and was a Nevada Corporation that distributes and installs pipe products in Nevada.[1]

15. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein designated as DOES I through X and ROE CORPORATIONS

---

[1] Defendants Classic Plumbing, Inc., Sharp Plumbing, Inc., and Cox & Sons Plumbing, Inc. are hereinafter referred to as the "Plumbing Defendants."

XI through XX inclusive, are unknown to the Plaintiffs at this time, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of said Defendants are responsible in some manner for the events and happenings and proximately caused the injuries and damages herein alleged. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities as they are ascertained.

### III.
### JURISDICTION AND VENUE

16. This Court has jurisdiction in this matter, and venue is proper, in that the Complaint arises from the Defendants designing, developing, manufacturing, distributing, marketing, selling, and installing the Kitec plumbing system and Kitec fittings into Las Vegas, Clark County, Nevada.

### IV.
### CLASS ACTION ALLEGATIONS

17. A class action is alleged pursuant to Nevada Rules of Civil Procedure Rule 23. The class consists of all homeowners in Las Vegas, Nevada who own the Subject Homes. Plaintiffs Tracie L. Quinterro, an individual, Eric W. Quinterro, an individual, Ladybeth Panusis, an individual, Charles Panusis, an individual, Raul Garcia, an individual, Brenda Garcia, an individual, Stephen Inferrera, an individual, Sheila Inferrera, an individual (hereinafter "Class Plaintiffs") bring this action as a class action, on behalf of the class of individuals who presently own the Subject Homes.

18. The Class Plaintiffs are informed and believe and thereon allege that the class, consisting of all homeowners in Las Vegas, Nevada who own the Subject Homes, is so numerous that joinder of all homeowners individually would be impractical, and the disposition of their claims in a class action is of benefit to the parties and in the best interests of judicial economy.

19. The Class Plaintiffs are informed and believe and thereon allege that this action involves questions of law and fact common to each member of the class in that all members of the class have suffered damages as a result of the installation of a Kitec plumbing system and Kitec fittings on their plumbing system.

HARRISON, KEMP, & JONES, LLP
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89109
(702) 385-6000
Fax (702) 385-6001

20. The Class Plaintiffs are informed and believe and thereon allege that the claims of the Class Plaintiffs and relief herein sought are typical of the claims and relief which could be prayed for as to each member of the class generally.

21. The Class Plaintiffs are informed and believe and thereon allege that they can fairly and adequately protect the interests of all members of the class in as much as each Class Plaintiff is an owner of a home in Las Vegas, Nevada with a Kitec plumbing system and Kitec fittings on their plumbing system that was damaged by the acts and practices of the Defendants.

22. Prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

## V.
## GENERAL ALLEGATIONS

23. The Class Plaintiffs are informed and believe and thereupon allege that Defendants are, and at all times relevant hereto were, engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and installing the Kitec plumbing system, Kitec fittings, and other plumbing materials in Las Vegas, Nevada.

24. According to Defendant IPEX's brochures, Kitec XPA pipe is made from an aluminum tube bonded between two layers of smooth plastic.

25. Pursuant to Defendant IPEX's marketing materials, Kitec XPA pipe is safe, reliable, corrosion-resistant, clean and does not taint water quality, virtually maintenance-free, and provides proven and long-term performance, a low lifetime cost of ownership, and adds to a home's resale value.

26. Defendant IPEX also touts Kitec XPA pipe's better water flow because its smooth plastic inner wall permanently resists scaling and mineral buildup, keeping water flow constant year after year.

27. Specifically, Defendant IPEX claims that with the largest inside diameters of any alternative piping system, Kitec XPA pipe provides more water whenever and wherever needed.

. . .

28. At all times mentioned herein, Defendant IPEX, through advertising and through their authorized agents and sales representatives, asserted, stated, represented and warranted that Defendant IPEX had extensively tested the Kitec plumbing system, and that based on the results of the research and tests, the Kitec plumbing system was properly designed, developed, marketed, and manufactured so as to operate adequately, reliably, and as represented.

29. At all times mentioned herein, Defendants, through advertising and through their authorized agents and sales representatives, asserted, stated, represented, and warranted that the Kitec plumbing system would not rust or corrode and that the smooth plastic inner wall of the Kitec XPA pipe resists scaling and mineral buildup, keeping flow constant year after year.

30. Defendant IPEX claims in its product information sheets that with state-of-the-art manufacturing facilities and distribution centers across North America, the IPEX name is synonymous with quality and performance.

31. Defendants, and their authorized agents and sales representatives, made the above described assertions, statements, representations, and warranties with the intent and purpose of inducing plumbing suppliers, builders, and the Plumbing Defendants to buy the Kitec plumbing system and Kitec fittings from Defendant IPEX to install in homes in Las Vegas, Nevada.

32. The Class Plaintiffs believe that Kitec plumbing system and Kitec fittings were installed by the Plumbing Defendants throughout the Class Representatives' homes and the homes of all others similarly situated.

## VI.

## FIRST CLAIM FOR RELIEF

**(Products Liability - Against All Defendants)**

33. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 32 as though fully set forth herein.

34. At all times relevant herein, Defendants were the designers, developers, manufacturers, distributors, marketers, sellers, and installers of the Kitec XPA pipe and Kitec fittings.

...

35. Defendants engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and installing plumbing supplies and pipes such as the materials at issue herein.

36. Defendants knew and/or should have known and expected that the Kitec XPA pipe would reach the ultimate user and/or consumer without substantial change and would be in the condition in which it was sold by Defendant IPEX.

37. At all times herein relevant, Defendants owed a duty of reasonable care to the Class Plaintiffs in the design, development, manufacturing, distributing, marketing, selling, selection of materials used, and installation of Kitec XPA pipe and Kitec fittings.

38. Defendants breached this duty in the following manner, including but not limited to:

   a. failing to adequately and properly supply Kitec XPA pipe and Kitec fittings for use without defects;

   b. failing to adequately and properly inspect and test the fittings which will be used in households;

   c. failing to adequately and properly manufacture, design, develop, build, market, sell, and produce and/or otherwise put into the stream of commerce Kitec XPA pipe and fittings which were without defect;

   d. failing to adequately and properly install defect-free components into the plumbing system of the subject home;

   e. failing to adequately and properly select and utilize materials which are defect-free;

   f. failing to adequately and properly design a water supply pipe and/or components which will operate and/or perform in a defect-free manner so as to prevent damage; and

   g. failing to adequately and properly warn of the damage as a result of the installation of the Kitec plumbing system.

. . .

39. But for the manufacturing defect, design defect, and selection of improper materials by Defendants, and breach of duty by Defendants, the Class Plaintiffs would not have suffered damages.

40. Defendants knew and/or should have known the pipe at issue was a repository and/or conduit of water and/or subject to water pressure such as it was foreseeable to Defendants that failure of the pipe and/or other components would cause damages to the ultimate users.

41. As a direct and proximate result of all the foregoing and as a result of the acts and/or omissions of Defendants, the Class Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

42. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## VII.

## SECOND CLAIM FOR RELIEF

**(Strict Liability - Against All Defendants)**

43. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 42 as though fully set forth herein.

44. As a direct and proximate result of the foregoing, Defendants, as the designers, developers, manufacturers, distributors, marketers, sellers, and installers is strictly liable to the Class Plaintiffs for their damages set forth herein.

45. The Class Plaintiffs are informed and believe, and thereon allege, that Defendants as designers, developers, manufacturers, distributors, marketers, sellers, and installers willfully, maliciously, and by gross negligence and in total disregard, designed, developed, manufactured, distributed, marketed, sold, and installed the Kitec plumbing system and Kitec fittings so as to cause the Subject Homes to be in a dangerous, defective, and unsafe and unfit condition for habitation and use in the way and manner the homes plumbing system would customarily be used and employed.

. . .

46. The Class Plaintiffs are further informed and believe, and thereon allege, that Defendants as designers, developers, manufacturers, distributors, marketers, sellers, and installers, and having full knowledge of said Kitec fittings being defective, dangerous, and of an unsafe condition, willfully, maliciously, knowingly, and by gross negligence and in total disregard, placed them on the market, and into the stream of commerce, knowing that they would be sold and used by members of the general public without inspection for defects.

47. The Kitec plumbing system and Kitec fittings were installed at the Subject Homes by the Plumbing Defendants in the same condition that they were in when the left the control of Defendant IPEX.

48. As a direct and proximate result of all the foregoing and as a result of the acts and/or omissions of Defendants, the Class Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

49. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## VIII.

## THIRD CLAIM FOR RELIEF

### (Breach of Express Warranty - Against All Defendants)

50. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 49 as though fully set forth herein.

51. Defendant IPEX designed, developed, manufactured, distributed, and marketed the Kitec plumbing system for purposes of its eventual sale to retail buyers.

52. Defendant IPEX included an express thirty-year warranty with the Kitec plumbing system.

53. Furthermore, the express statements, assertions, marketing materials, and representations by each Defendant concerning the Kitec plumbing system and Kitec fittings as set forth above constitute express warranties.

. . .

54. Defendants failed to provide a defect free home and failed to inspect and identify pipe defects and defects in the pipe's fitting and components.

55. Defendant IPEX failed to provide a defect free home in failing to provide quality workmanship and defect free materials and merchandise in manufacturing the Kitec XPA pipe and fittings.

56. The Plumbing Defendants failed to provide a defect free home in failing to provide quality workmanship and defect free materials in their installation of the Kitec plumbing system and Kitec fittings.

57. But for the manufacturing defect, design defect, selection of improper materials, improper installation, and/or the breaches of duty by each Defendant, the Class Plaintiffs would not have sustained damages.

58. As a direct and proximate result of each Defendants' breach, Class Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

59. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## IX.

## FOURTH CLAIM FOR RELIEF

### (Breach of Implied Warranty - Against All Defendants)

60. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 59 as though fully set forth herein.

61. Defendants designed, developed, manufactured, distributed, and marketed the Kitec plumbing system and Kitec fittings for purposes of its eventual sale to retail buyers.

62. Defendants impliedly warranted that the Kitec plumbing system and Kitec fittings were properly designed, developed, manufactured, distributed, marketed, sold, and installed and that the designs and materials were proper and of first-class and workmanlike quality.

. . .

. . .

63. The Plumbing Defendants impliedly warranted that the Kitec plumbing system and Kitec fittings were properly installed and that all work performed was proper and of first-class workmanlike quality.

64. The Class Plaintiffs relied upon said warranties and believed that said designs, work, and materials were of first-class workmanlike quality and fit for the intended use and purpose of a plumbing system.

65. Class Plaintiffs are informed and believe, and thereon allege, that each Defendant breached said warranty by failing to provide adequate and proper designs, calculations, and/or details and failing to properly install the Kitec plumbing system and Kitec fittings.

66. Defendants failed to provide a defect free home and failed to inspect and identify pipe defects and defects in its components.

67. But for each Defendants' breach of implied warranty, the Class Plaintiffs would not have sustained damages.

68. As a direct and proximate result of each Defendants' breach of implied warranty, the Class Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

69. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## X.

## FIFTH CLAIM FOR RELIEF

**(Breach of Warranty of Merchantability - Against All Defendants)**

70. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 69 as though fully set forth herein.

71. Defendants designed, developed, manufactured, distributed, marketed, and sold into the stream of commerce the Kitec plumbing system and Kitec fittings installed at the Subject Homes.

. . .

72. Defendants knew and/or should have known that Kitec plumbing system and Kitec fittings were not of average acceptable quality as it was designed and/or manufactured with substandard and defective materials.

73. Defendants knew and/or should have known that the Kitec plumbing system and Kitec fittings were not generally fit for the ordinary purpose for which they were intended to be used as they were designed and manufactured with substandard and defective materials.

74. Defendants knew and/or should have known that the Kitec plumbing system and Kitec fittings would reach the ultimate user and/or consumer without substantial change and would be in the condition in which it was sold.

75. The Defendants' Kitec plumbing system and Kitec fittings have failed.

76. But for each Defendants' breach, the Class Plaintiffs would not have sustained damages.

77. As a direct and proximate result of each Defendants' breach, the Class Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

78. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## XI.

## SIXTH CLAIM FOR RELIEF

(Negligence - Against Defendant IPEX)

79. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 78 as though fully set forth herein.

80. Defendant IPEX owed the Class Plaintiffs a duty of care to design, develop, manufacture, distribute, market, and sell a safe plumbing system, and fittings free of defects.

81. Defendants breached their duty of care by negligently designing, developing, manufacturing, distributing, marketing, and selling an unreasonably unsafe plumbing system and Kitec fittings with manufacturing defects, design defects, and selection of improper materials.

. . .

82. Defendants breached their duty of care by negligently failing to warn Nevada consumers, contractors, and retailers that the Kitec XPA plumbing system contained defective fittings that would fail.

83. As a direct and proximate result of all the foregoing and as a result of the acts and/or omissions of each Defendant, the Class Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

84. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## XII.

## SEVENTH CLAIM FOR RELIEF

### (Negligence - Against Plumbing Defendants)

85. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 84 as though fully set forth herein.

86. The Plumbing Defendants owed the Class Plaintiffs a duty of care to install the Kitec plumbing system and Kitec fittings properly and within the manner specified by the manufacturer, municipal codes and within the trade, and otherwise, use quality materials that were free from defect in the plumbing work performed at the Subject Homes.

87. The Plumbing Defendants breached their duty of care by negligently failing to install the Kitec plumbing system and Kitec fittings at issue in a manner consistent with the manufacturer's specifications, municipal codes, and/or standards of performance within the trade, as well as failing to use materials and/or parts that are capable of performing in a defect-free manner.

88. But for the negligent actions and inactions of the Plumbing Defendants and/or breaches of duty by the Plumbing Defendants, the Class Plaintiffs would not have sustained damages.

89. As a direct and proximate result of the Plumbing Defendants actions and inactions in installation and/or inspection of materials, the Class Plaintiffs have sustained damage, in an

amount in excess of Ten Thousand Dollars ($10,000.00).

90. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, the Class Plaintiffs pray for Judgment against Defendants as follows:

1. For general damages far in excess of $10,000.00;
2. For special damages far in excess of $10,000.00;
3. For punitive damages in an amount to be determined at trial;
4. For reasonable attorneys' fees;
5. For costs of suit; and
6. For any such further relief this Court deems appropriate.

## XIV.

## DEMAND FOR JURY TRIAL

The Class Plaintiffs herein demand a trial by jury on all issues so triable.

DATED this 15th day of February, 2006.

HARRISON, KEMP & JONES, LLP

J. RANDALL JONES, ESQ.
Nevada Bar No.: 001927
WILLIAM L. COULTHARD, ESQ.
Nevada Bar No. 003927
MELANIE A. ELLS, ESQ.
Nevada Bar No.: 008796
3800 Howard Hughes Parkway
Seventeenth Floor
Las Vegas, Nevada 89109
*Attorneys for Plaintiffs*