# EXHIBIT 2

ORIGINAL

**COM**
J. RANDALL JONES, ESQ.
Nevada Bar No.: 1927
WILLIAM L. COULTHARD, ESQ.
Nevada Bar No.: 3927
P. KYLE SMITH, ESQ.
Nevada Bar No.: 9692
HARRISON, KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89109
Tel. (702) 385-6000
Fax (702) 385-6001

LYNCH, HOPPER & SALZANO, LLP
725 South Sixth Street
Las Vegas, Nevada 89101
Tel. (702) 868-1115
Fax (702) 868-1114
*Attorneys for Class Plaintiffs*

FILED
JAN 24 10 57 AM '07
CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

TRACIE L. QUINTERRO; ERIC W. QUINTERRO; LADYBETH PANUSIS; CHARLES PANUSIS; RAUL GARCIA; BRENDA GARCIA; ANNA NAVARRO; ALONZO COLLINS; LAURA COLLINS; RONALD CARROLL; DORENE CARROLL; SUSAN SHELDON; and ROBERT DOSTLER, all individual and as Plaintiff Class Representatives,

Plaintiffs,

v.

WOODSIDE HOMES OF NEVADA, INC., a Nevada corporation; WL HOMES, LLC, dba JOHN LAING HOMES, a Delaware foreign limited liability company; KB HOME SALES - NEVADA, INC., a Nevada corporation; KB HOME NEVADA, INC., a Nevada corporation; and DOES I-X; and ROE CORPORATIONS XI-XX;

Defendants.

Case No.: A534939
Dept. No.: XVI

**COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL**

*Exempt from Arbitration: Class Action*

COME NOW Plaintiffs, TRACIE L. QUINTERRO; ERIC W. QUINTERRO; LADYBETH PANUSIS; CHARLES PANUSIS; RAUL GARCIA; BRENDA GARCIA; ANNA NAVARRO; ALONZO COLLINS; LAURA COLLINS; RONALD CARROLL; DORENE

CARROLL; SUSAN SHELDON; and ROBERT DOSTLER, all individually and as Class Representatives ("Class Plaintiffs"), by and through their attorneys of record, Harrison, Kemp, Jones & Coulthard, LLP, and Lynch, Hopper, & Salzano, LLP, and for their claims against Defendants WOODSIDE HOMES OF NEVADA, INC., a Nevada corporation; WL HOMES, LLC, dba JOHN LAING HOMES, a Delaware foreign limited liability company; KB HOME SALES - NEVADA, INC., a Nevada corporation; KB HOME NEVADA, INC., a Nevada corporation (collectively "Defendant Builders"), and DOES I-X; and ROE CORPORATIONS XI-XX, state, allege, and aver as follows:

## I.
## INTRODUCTION

1. This is a class action for damages under Nevada Rule of Civil Procedure 23 and Chapter 40 of the Nevada Revised Statutes on behalf of all similarly situated owners of residences that have suffered damages as a result of owning homes in Las Vegas, Nevada, constructed by Defendant Builders with defective brass KITEC plumbing fittings ("Kitec Fittings").

## II.
## PARTIES

2. At all times relevant hereto, Plaintiff, Tracie L. Quinterro, is and was an owner and occupant of real property located at 616 Doletto Street, Las Vegas, Nevada 89138, and a resident of Clark County, Nevada.

3. At all times relevant hereto, Plaintiff, Eric W. Quinterro, is and was an owner and occupant of real property located at 616 Doletto Street, Las Vegas, Nevada 89138, and a resident of Clark County, Nevada.

4. At all times relevant hereto, Plaintiff, Ladybeth Panusis, is and was an owner of real property located at 7457 Reynard Fox Place, Las Vegas, Nevada 89113, and a resident of Clark County, Nevada.

5. At all times relevant hereto, Plaintiff, Charles Panusis, is and was an owner of real property located at 7457 Reynard Fox Place, Las Vegas, Nevada 89113, and a resident of Clark

County, Nevada.

6. At all times relevant hereto, Plaintiff, Raul Garcia, is and was an owner and occupant of real property located at 7408 Reynard Fox Place, Las Vegas, Nevada 89113, and a resident of Clark County, Nevada.

7. At all times relevant hereto, Plaintiff, Brenda Garcia, is and was an owner and occupant of real property located at 7408 Reynard Fox Place, Las Vegas, Nevada 89113, and a resident of Clark County, Nevada.

8. At all times relevant hereto, Plaintiff, Anna Navarro, is and was an owner and occupant of real property located at 7804 Esteem Street, Las Vegas, Nevada 89131, and a resident of Clark County, Nevada.

9. At all times relevant hereto, Plaintiff, Alonzo Collins, is and was an owner and occupant of real property located at 7825 Strong Water Court, Las Vegas, Nevada 89131, and a resident of Clark County, Nevada.

10. At all times relevant hereto, Plaintiff, Laura Collins, is and was an owner and occupant of real property located at 7825 Strong Water Court, Las Vegas, Nevada 89131, and a resident of Clark County, Nevada.

11. At all times relevant hereto, Plaintiff, Ronald Carroll, is and was an owner and occupant of real property located at 7821 Strong Water Court, Las Vegas, Nevada 89131, and a resident of Clark County, Nevada.

12. At all times relevant hereto, Plaintiff, Dorene Carroll, is and was an owner and occupant of real property located at 7821 Strong Water Court, Las Vegas, Nevada 89131, and a resident of Clark County, Nevada.

13. At all times relevant hereto, Plaintiff, Susan Sheldon, is and was an owner and occupant of real property located at 10389 Heale Garden Court, Las Vegas, Nevada 89135, and a resident of Clark County, Nevada.

14. At all times relevant hereto, Plaintiff, Robert Dostler, is and was an owner and occupant of real property located at 7820 Strong Water Court, Las Vegas, Nevada 89131, and a resident of Clark County, Nevada.

15. Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto, Defendant Builders, were contractors authorized to do business in Clark County, Nevada and were engaged and doing business in Clark County, Nevada, including, but not limited to, development, construction, improvement, and/or sale of the subject residents.

16. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein designated as DOES I through X and ROE CORPORATIONS XI through XX inclusive, are unknown to the Plaintiffs at this time, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of said Defendants are responsible in some manner for the events and happenings and proximately caused the injuries and damages herein alleged. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities as they are ascertained.

### III.

### JURISDICTION AND VENUE

17. This Court has jurisdiction in this matter, and venue is proper, in that the basis of this Complaint arises from Defendant Builders construction of residents within Clark County, Nevada, and failure to follow the requirements of Chapter 40 of the Nevada Revised Statutes.

### IV.

### CLASS ACTION ALLEGATIONS

18. A class action is alleged pursuant to Rule 23 of the Nevada Rules of Civil Procedure and Chapter 40 of the Nevada Revised Statutes. The class consists of all similarly situated owners of residences with Kitec Fittings constructed by Defendant Builders.

19. The Class Plaintiffs are informed and believe and thereupon allege that the class, which consists of all similarly situated owners of residences with Kitec Fittings constructed by Defendant Builders, is so numerous that joinder of all homeowners individually would be impractical and that disposition of their claims in a class action is to the benefit of the parties and in the best interests of judicial economy.

20. The Class Plaintiffs are informed and believe and thereon allege that this action involves questions of law and fact common to each member of the class in that all members of

the class have suffered damages as a result of the installation of defective Kitec Fittings within their residences.

21. The Class Plaintiffs are informed and believe and thereon allege that the claims of the Class Plaintiffs and relief herein sought are typical of the claims and relief which could be prayed for as to each member of the class generally.

22. The Class Plaintiffs are informed and believe and thereon allege that they can fairly and adequately protect the interests of all members of the class in as much as each Class Plaintiff is an owner of a residence constructed by Defendant Builders that contains Kitec fittings.

23. Prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

V.

**GENERAL ALLEGATIONS**

24. The Class Plaintiffs are informed and believe and thereupon allege that Defendant Builders are, and at all times relevant hereto were, engaged in the construction of residences within Clark County Nevada.

25. Within ten (10) years of completion of construction, Class Plaintiffs have discovered that their residences were built with defective Kitec Fittings.

26. Class Plaintiffs are informed and believed that Kitec Fittings are universally defective because of a well-known chemical reaction known as dezincification, which automatically occurs when the brass allow used to make Kitec Fittings is exposed to water.

27. Brass is an alloy primarily composed of copper and zinc. When Kitec Fittings are exposed to water, zinc leaches out of the brass fittings leaving behind a weak and porous honeycomb of copper and telltale blockage of zinc oxide that inevitably leads to leaks, restricted water flow, and breakage. Kitec Fittings therefore not only cause substantial injury to residences after they burst and leak, but also impair the ability of a residence's plumbing system to effectively operate and provide water to appliances and plumbing fixtures.

28. The universally defective nature of this single product renders each class member's claim, legal theory, and injury common and typical. The class action is the superior vehicle for this litigation because a singular defect predominates over any other issue and the combination of these identical claims maximizes judicial efficiency and ensures that affected consumers have their day in court.

29. Class Plaintiffs gave notice of potential claims related to defective Kitec Fittings on behalf of all similarly situated owners of residences under the procedures contained within Nev. R. Stat. §40.600 *et seq.* on August 22, 2006. However, Defendant Builders have failed to follow the appropriate procedures provided within Chapter 40 of the Nevada Revised Statutes. Class Plaintiffs therefore bring the following claims for relief:

## VI.

## FIRST CLAIM FOR RELIEF

### (Strict Products Liability)

30. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 18 as though fully set forth herein.

31. At all times relevant herein, Defendant Builders were contractors engaged in the sale and construction of residences containing Kitec Fittings.

32. The Defendant Builders knew or should have known that Kitec Fittings would reach residential buyers without substantial change from the condition sold by the manufacturer. Further, Kitec fittings were installed in residences by Defendant Builders in the same condition as they were when they left the control of the manufacturer. The Defendant Builders therefore failed:

    a. to adequately and properly inspect and test the fittings used in residences;

    b. to adequately and properly sell or place defect-free products into the stream of commerce;

    c. to adequately and properly select and install products that are defect-free;

    d. to adequately and properly warn of the damage as a result of the installation of the Kitec plumbing system.

33. As a direct and proximate result of the foregoing, Class Plaintiffs have suffered damages because of Kitec Fittings. The Defendant Builders are therefore strictly liable to Class Plaintiffs for the damages set forth herein. But for Defendant Builders selection and use of defective Kitec Fittings, Class Plaintiffs would not have suffered damages.

34. The Defendant Builders knew or should have known the Kitec Fittings at issue are used to transmit water and are subject to water pressure. It was therefore foreseeable that any failure of Kitec Fittings would cause damages to the residence and ultimate purchaser.

35. Further, Class Plaintiffs allege that Defendant Builders selection and installation of Kitec Fittings consciously and deliberately disregarded known safety measures in reckless disregard of the possible results, and that Defendant Builders placed and maintained defective Kitec Fittings in the stream of commerce with knowledge that they would be used by members of the general public without inspection for defects.

36. As a direct and proximate result of Defendant Builders construction of residences with Kitec Fittings and as a result of the acts or omissions of Defendant Builders, the Class Plaintiffs have sustained damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

37. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp, Jones & Coulthard, LLP, and Lynch, Hopper, & Salzano, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## VIII.

## SECOND CLAIM FOR RELIEF

### (Breach of Express Warranty)

38. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 26 as though fully set forth herein.

39. The Defendant Builders selected and installed the KITEC plumbing system, which included defective Kitec Fittings, within residences in Clark County, Nevada.

40. In addition to express statements and assertions that Kitec Fittings and the KITEC plumbing system are defect-free, the manufacturer of Kitec Fittings provides an express thirty-

year warranty with the KITEC plumbing system.

41. By failing to provide quality workmanship and defect-free materials, the Defendant Builders failed to provide a defect-free residence in breach of these warranties.

42. But for the manufacturing defect, design defect, selection of improper materials, improper installation, and/or the breaches of duty by Defendant Builders, the Class Plaintiffs would not have sustained damages.

43. Upon discovery of defective Kitec Fittings installed within their residences, Class Plaintiffs diligently gave notice under Chapter 40 of the Nevada Revised Statutes and have now brought this Complaint to give notice of Class Plaintiffs' claims, which include the breach of express warranties made by Defendant Builders.

44. As a direct and proximate result of the Defendant Builders' breach, Class Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

45. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, and Lynch, Hopper, & Salzano, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## IX.

## THIRD CLAIM FOR RELIEF

### (Breach of Implied Warranties)

46. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 67 as though fully set forth herein.

47. The Defendant Builders selected and installed Kitec Fittings within residences for the purpose of eventual sale to home buyers.

48. The Defendant Builders impliedly warranted that the Kitec plumbing system and Kitec Fittings were of merchantable quality, fit, safe, and in proper condition for the ordinary use for which they were designed.

49. Further, Defendant Builders impliedly warranted that the Kitec plumbing system and Kitec Fittings were fit for the particular purpose they were acquired, i.e. to carry and transmit water throughout residences in Clark County, Nevada.

Page 8 of 11

50. Class Plaintiffs relied upon said warranties and believed that said designs, work, and materials were of first-class workmanlike quality and fit for the intended use and purpose of a plumbing system.

51. However, the Defendant Builders failed to provide a defect-free residence and failed to inspect and identify defective Kitec Fittings. The Defendant Builders therefore breached its implied warranties. But for the Defendant Builders' breach of its implied warranties, the Class Plaintiffs would not have sustained damages.

52. The Defendant Builders knew or should have known that Kitec Fittings were not of average acceptable quality and were designed and manufactured with substandard and defective materials.

53. The Defendant Builders knew or should have known that Kitec Fittings were not fit for the ordinary purpose for which they were intended to be used as they were designed and manufactured with substandard and defective materials.

54. The Defendant Builders knew and/or should have known that the Kitec plumbing system and Kitec fittings would reach the ultimate user and/or consumer without substantial change and would be in the condition in which it was sold

55. Upon discovery of defective Kitec Fittings installed within their residences, Class Plaintiffs diligently gave notice under Chapter 40 of the Nevada Revised Statutes and have now brought this Complaint to give notice of Class Plaintiffs' claims, which include the breach of express warranties made by the Defendant Builders.

56. As a direct and proximate result of each Defendant Builders breach of implied warranty, the Class Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

57. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, and Lynch, Hopper, & Salzano, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

. . .

. . .

## XI.

## FOURTH CLAIM FOR RELIEF

### (Negligence)

58. The Class Plaintiffs repeat, reallege, and incorporate herein by reference paragraphs 1 through 46 as though fully set forth herein.

59. The Defendant Builders owes Class Plaintiffs a duty to construct their residences without defects.

60. Therefore, Defendant Builders breached this duty of care by negligently designing, developing, manufacturing, distributing, marketing, and selling residences with defective Kitec Fittings. Further, Defendant Builders breached its duty of care by negligently failing to recognize and warn consumers that Kitec Fittings were defective and would fail.

61. As a direct and proximate result of the foregoing and as a result of the acts or omissions of the Defendant Builders, the Class Plaintiffs have sustained damages in excess of Ten Thousand Dollars ($10,000.00).

62. It has been necessary for the Class Plaintiffs to retain the services of Harrison, Kemp & Jones, LLP, and Lynch, Hopper, & Salzano, LLP, to represent them and to bring this action, and the Class Plaintiffs are entitled to recover attorneys' fees and costs incurred herein.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, the Class Plaintiffs pray for Judgment against Defendant Builders as follows:

1. For general damages in excess of $10,000.00; including all damages provided under Chapter 40 of the Nevada Revised Statutes.
2. For special damages in excess of $10,000.00;
3. For punitive damages in an amount to be determined at trial;
4. For reasonable attorneys' fees;
5. For costs of suit; and
6. For any such further relief this Court deems appropriate.

## XIV.

## DEMAND FOR JURY TRIAL

The Class Plaintiffs herein demand a trial by jury on all issues so triable.

DATED this ____ day of January, 2007.

        HARRISON, KEMP, JONES
        & COULTHARD, LLP

        *P. Kyle Smith* (signature)
        J. RANDALL JONES, ESQ.
        Nevada Bar No.: 1927
        WILLIAM L. COULTHARD, ESQ.
        Nevada Bar No.: 3927
        P. KYLE SMITH, ESQ.
        Nevada Bar No.: 9692
        3800 Howard Hughes Parkway
        Seventeenth Floor
        Las Vegas, Nevada 89109
        *Attorneys for Plaintiffs*