# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WL HOMES LLC, et al.,[1] | Case No. 09-10571 (BLS) |
| Debtors. | Jointly Administered |

### ORDER APPROVING SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND APPROVING COMPROMISE OF CLAIMS

Upon consideration of the motion[2] of George L. Miller, chapter 7 trustee for the Debtors ("*Trustee*" or "*Seller*") to approve the sale of assets in accordance with that certain Asset Purchase Agreement dated as of July 24, 2009, and amended and filed with the Court on August 26, 2009 (the "*Agreement*") by and among Seller and Emaar America Corporation ("*EAC*") and its wholly owned subsidiary, EJL HOMES LLC ("*Purchaser*"), to approve the purchase and sale of certain of the Debtors' assets (collectively, the "Acquired Assets") free and clear of liens, claims and encumbrances pursuant to section 363 of title 11 of the United States Code (the "*Bankruptcy Code*"), to approve the assumption and assignment of certain executory contracts of the Debtors pursuant to section 365 of the Bankruptcy Code, and to assign, and thereby compromise certain claims of the Debtors' bankruptcy estates against the Purchaser pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; it appearing to the Court that it has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A)

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: WL Homes LLC (6595); JLH Realty & Construction, Inc. (1899); JLH Arizona Construction, LLC (2154); WL Texas LP (0079); WL Homes Texas LLC (0103); and Laing Texas LLC (0052).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and (N) and 1334; the Court finding that notice of the Motion was sufficient under the circumstances; the Court having conducted a hearing, reviewed and considered the Agreement and the Court having approved the Sale and Bid Procedures on July 16, 2009 and entered its Order Approving Bid Procedures for the Sale of Certain of Debtors' Assets to Emaar America Corporation or a Higher or Better Bidder, Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto and Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Proposed Cure Amounts entered on July 23, 2009 (D.I. 883; the "*Procedures Order*") and due and adequate notice of the Motion having been given; and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105(a), 363(b), (f), (m), and (n), 365 and 1123 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9014.

C. Proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the Sale, and the assumption and assignment of the Designated Contracts and Added Contracts selected for assumption (the "*Assumed Contracts*") has been provided in accordance with 11 U.S.C. §§ 102(1), 363 and 365 and FED. R. BANKR. P. 2002, 6004,

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

6006 and 9014 and in compliance with the Procedures Order. Such notice was good, sufficient and appropriate under the particular circumstances. For good cause shown, no other or further notice of the Motion, the Sale Hearing, the Sale Procedures, the Auction, the Sale, or the assumption and assignment of the Assumed Contracts is or shall be required.

D. The Seller has marketed the Acquired Assets and conducted the sale process in compliance with the Procedures Order and the Auction was duly noticed and conducted in a non-collusive, fair and good faith manner. Pursuant to the Procedures Order, the Agreement, if timely closed, has been duly determined to be the highest and best Qualified Bid for the Acquired Assets as more fully set forth in the Agreement. The Agreement was a Qualified Bid and would be the highest and best offer for the Acquired Assets, either in bulk or lots.

E. Seller has full power and authority to close under the Agreement and execute and deliver all other documents contemplated thereby. No consents or approvals, other than those expressly provided for in the Agreement, are required for the Seller to consummate such transactions other than those set forth herein. EAC, as holder of pre-petition or post-petition Liens on the Acquired Assets has consented to the proposed sale. Community Housing Development Group, Inc. has given its consent to the assignment of Debtors' interest in Santa Clarita Center Pointe Partners LLC to Purchaser.

F. Approval of the Agreement and consummation of the Sale is in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

G. Seller has demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances exist for the Sale pursuant to

11 U.S.C. § 363(b).

H. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee; (ii) counsel for Purchaser; (iii) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past three months; (iv) all entities known to have asserted any Lien, Claim or Interest in or to any of the Acquired Assets or Designated Contracts and Added Contracts; (v) all parties to Designated Contracts and Added Contracts; and (vi) all parties which have requested notice in this case. As used herein, "*Claim*" shall have the meaning ascribed to such term in Section 101(5) of the Bankruptcy Code so long as such Claim arises out of or relates to the Acquired Assets, the Business or Debtor. As used herein, "*Lien*" shall have the meaning ascribed to such term in Section 101(37) of the Bankruptcy Code, including, without limitation, any statutory lien, pledge, mortgage, security interest, charge, conditional sale or other title retention agreement, or encumbrance of any kind or nature in or to the Acquired Assets to secure payment of a debt or performance of an obligation. As used herein, "*Interest*" shall mean any interest of a person other than Seller in and to, or related to any of the Acquired Assets to the fullest extent referred to in Section 363(f) of the Bankruptcy Code other than a Claim or Lien, including, without limitation, any option, repurchase option or right, right of first refusal or first offer, price or profit participation claim, claim of ownership or other property interest of any type, voting right, right-of-way, covenant, condition, or other third-party right, any third-party consent to, fee for, or restriction on transfer, sale or assignment right, or leasehold, license, easement, encroachment, restriction, title defect or

encumbrance of any nature whatsoever, whether legal or equitable in nature, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated and whether contractual, statutory or common law in origin.

I.   The Agreement was negotiated, proposed and entered into by the Seller and Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Seller nor Purchaser have engaged in any conduct that would cause or permit the Agreement to be avoided under 11 U.S.C. § 363(n).

J.   Purchaser is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby.

K.   The consideration provided by Purchaser for the Acquired Assets pursuant to the Agreement (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Business; (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

L.   Except as set forth in the Agreement, the Sale of the Acquired Assets to Purchaser will be a legal, valid, and effective transfer of the Acquired Assets, authorized pursuant to the Bankruptcy Code, and will vest Purchaser with all right, title, and interest of the Debtor to the Acquired Assets free and clear of all Liens, Claims and Interests, including without limitation any taxes arising under or out of, in connection with, or in any way relating to the operation of the Debtors'. business prior to the date (the "*Closing Date*") of the consummation of the Agreement (the "*Closing*").

M. Pursuant to 11 U.S.C. § 363(f), Purchaser shall purchase the Acquired Assets free and clear of all Liens, Claims and Interests other than those relating to the "Assumed Liabilities", as defined in the Agreement. Purchaser does not constitute a successor-in-interest to the Debtor for any purpose, including successor liability, except as otherwise set forth herein.

N. Seller may sell the Acquired Assets free and clear of all Liens, Claims and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those (i) holders of Liens, Claims or Interests and (ii) non-Debtor parties to executory contracts being assigned which did not object, or who withdrew their objections, to the Motion have consented or are deemed to have consented to the relief requested by the Motion pursuant to 11 U.S.C. § 363(f)(2). Those (i) holders of Liens, Claims or Interests and (ii) non-Debtor parties to executory contracts being assumed and assigned are adequately protected by having their Liens, Claims and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they claim or may claim a Lien, Claim or Interest with the same priority that such party had in such property prior to the Sale.

O. Seller has demonstrated that the Sale is an exercise of sound business judgment to assume, cure, and assign the Designated Contracts and Added Contracts to Purchaser in connection with the consummation of the Sale, and the assumption and assignment of the Designated Contracts and Added Contracts is in the best interests of the Debtor, its estate, and its creditors. The Designated Contracts and Added Contracts being assigned to Purchaser are an integral part of the Acquired Assets being purchased by

Purchaser and, accordingly, such assumption and assignment of Designated Contracts and Added Contracts is reasonable, enhances the value of the Debtor's estate, and do not constitute unfair discrimination.

P. The Purchaser has established that at Closing it will have (i) cured, or have provided adequate assurance of cure of any default existing prior to the date hereof under any of the Designated Contracts and Added Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A) and (ii) provided compensation or adequate assurance of compensation, to the extent required, to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Designated Contracts and Added Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B), and Purchaser has provided adequate assurance of its future performance of and under the Designated Contracts and Added Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(C).

Q. Those non-debtor parties to Designated Contracts and Added Contracts who did not object to the assumption, cure, and assignment of their Designated Contract, including, without limitation the proposed Cure Amount for each such executory contract set forth in the Notice of Assumption and Assignment thereof, are deemed to have consented to the assumption, cure, and assignment of their Designated Contract to Purchaser under the terms provided in the Agreement.

R. The Sale of the EAC Claims, to the extent it is considered a compromise of claims, is in the best interests of the Debtor, its creditors, its estate and other parties in interest. Considering the total consideration paid by the Purchaser for the Acquired Assets, including the subordination of approximately $408,000,000 of unsecured claims, indicates that the terms of the proposed compromise fall within the reasonableness range

or litigation possibilities in light of (i) the probability of success in the litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and (iv) whether the proposed compromise is fair and equitable to the debtor, its creditors and other parties in interest.

S. All objections to the Motion have been overruled or withdrawn.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

General Provisions

1. The Motion is granted, as further described herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled, with prejudice, on the merits.

Approval of the Asset Purchase Agreement

3. The Agreement, and all of the terms and conditions therein, are hereby approved in all respects as the Agreement. The failure specifically to include any particular provisions of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

4. Subject to the terms of this Sale Order, the terms and provisions of the Sale Order and the Agreement shall be binding in all respects upon, and shall inure to the benefit of, Seller, the Debtor, its estate, and its creditors, Purchaser, and its respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting Liens, Claims or Interests in the Assets to be sold to Purchaser pursuant to the Agreement and all non-Debtor parties to the Designated Contracts and

Added Contracts, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. Purchaser has not engaged in collusive bidding or otherwise violated the provisions of section 363(m) of the Bankruptcy Code.

5. The transactions contemplated by the Agreement are undertaken by Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to Purchaser (including the assumption and assignment of the Designated Contracts and Added Contracts), unless such authorization is duly stayed pending such appeal.

6. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

7. Pursuant to 11 U.S.C. § 363(b), without further order of the Court:

    a. Seller is hereby authorized and directed to perform its obligations under and comply with the terms of the Agreement, and consummate the Sale, pursuant to and in accordance with the terms and conditions of the Agreement.

    b. Seller is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Agreement, together with all additional instruments and documents that

may be reasonably necessary or desirable to implement the Agreement and to take all further actions as may be requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser or reducing to possession, the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

8. Subject only to the satisfaction or waiver of the conditions to Closing set forth in the Agreement, Seller is authorized and directed to Close under the Agreement as soon as practicable but no later than September 30, 2009. Notwithstanding the preceding sentence, Purchaser's obligation to close under the Agreement shall be subject to the terms and conditions set forth therein and in this Sale Order.

Sale of Acquired Assets Free and Clear of All Liens, Claims and Interests

9. Except as expressly permitted or otherwise specifically provided for in the Agreement or this Sale Order, pursuant to 11 U.S.C. §§ 105(a) and 363(f):

a. the Acquired Assets shall be transferred to Purchaser upon the closing and consummation of the Agreement (the "Closing"), and

b. from and after Closing, the Acquired Assets shall be, free and clear of all Liens, Claims and Interests in and to the Acquired Assets of any kind or nature whatsoever other than those relating to the "Assumed Liabilities", as defined in the Agreement, with all such Liens, Claims and Interests to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Acquired Assets, subject to any claims and defenses the Debtor

-10-

may possess with respect thereto.

10. Except as expressly permitted or otherwise specifically provided by the Agreement or this Sale Order, from and after Closing, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Interests of any kind or nature whatsoever against or in the Debtor or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Acquired Assets, the operation of the Business prior to the transfer of the Acquired Assets to Purchaser at the Closing, shall be forever barred, estopped, and permanently enjoined from asserting against Purchaser, its successors or assigns, its property, or the Acquired Assets, such persons' or entities' Interests.

11. The Sale of the Acquired Assets to Purchaser at Closing pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest Purchaser with all right, title, and interest of the Debtor in and to the Acquired Assets free and clear of all Liens, Claims and Interests of any kind or nature whatsoever other than those relating to the "Assumed Liabilities", as defined in the Agreement.

Assumption and Assignment of Designated Contracts and Added Contracts

12. Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the occurrence of the Closing of the Sale:

    a. Purchaser's assumption on the terms set forth in the Agreement, of the Designated Contracts and Added Contracts is hereby approved, and the requirements of 11 U.S.C. § 365(b)(1) with respect thereto are hereby

deemed satisfied.

b. Seller is hereby authorized and directed in accordance with 11 U.S.C. §§ 105(a) and 365 and the Agreement to: (a) assume, cure, and assign to Purchaser, Seller's assumption, cure, and assignment to Purchaser, and effective upon the Closing, the Designated Contracts and Added Contracts free and clear of all Liens, Claims and Interests of any kind or nature whatsoever other than those relating to the "Assumed Liabilities", as defined in the Agreement, and (b) execute and deliver to Purchaser such documents or other instruments as may be necessary to assign and transfer the Designated Contracts and Added Contracts and Assumed Liabilities to Purchaser.

13. The Designated Contracts and Added Contracts being assigned to Purchaser pursuant to the Agreement shall be transferred to, and remain in full force and effect for the benefit of Purchaser in accordance with their respective terms. Pursuant to 11 U.S.C. § 365(f)(3), the rights of the Purchaser following such assignment shall not be affected by any provision in any such assigned contracts that prohibits, restricts, or conditions such assignment or transfer, including any consent right, buy-out or repurchase right or option, transfer fee, price or profit participation.

14. All defaults or other obligations of the Seller or Debtor under any Designated Contract arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by the payment of the Cure Amount, if any, associated with such Designated Contract by Purchaser at the Closing of the Sale or as

soon thereafter as practicable, and, upon such payment, Purchaser shall have no liability or obligation arising or accruing under any Assumed Contract prior to the Closing, except as otherwise expressly provided in the Agreement or in this Sale Order.

15. Pursuant to 11 U.S.C. § 365(k), assignment of the Designated Contracts and Added Contracts relieves the Trustee, the Debtor and its estate from any liability for any breach of such contracts or leases occurring after such assignment. Except as provided in the Agreement or this Sale Order, after the Closing, the Seller, Debtor and its estate shall have no further liabilities or obligations with respect to any Assumed Liabilities and all holders of such claims are forever barred and estopped from asserting such claims against the Debtor, its successors or assigns, its property or its assets or estate.

## Approval of Compromise

16. To the extent that the sale of the EAC Claims is considered a compromise of claims of the Debtors' estates against Purchaser and its affiliates, such compromise be and hereby is approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 as being in the best interests of the Debtors' estate and its creditors. The Seller is authorized and directed to consummate such settlement contemporaneously with the Closing of the Sale.

## Additional Provisions

17. The consideration provided by Purchaser for the Acquired Assets at Closing under the Agreement shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under any other applicable law.

18. The consideration provided by Purchaser for the Acquired Assets at Closing under the Agreement is fair and reasonable and may not be avoided under section

363(n) of the Bankruptcy Code. Any and all purchase price adjustments provided in the Agreement are hereby approved.

19. From and after Closing, each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

20. This Sale Order shall be effective as a determination that, as of the Closing, all Liens, Claims and Interests of any kind or nature whatsoever existing as to the Debtor or the Acquired Assets (other than those relating to the "Assumed Liabilities", as defined in the Agreement) have been unconditionally released, discharged and terminated as to Purchaser and the Acquired Assets, and that the conveyances described herein have been effected. As of the Closing, each person asserting a Lien, Claim or Interest in the Acquired Assets is authorized and directed to execute such documents and take all other actions as may be necessary to release such Lien, Claim or Interest, if any, to the extent that such Lien, Claim or Interest may have been recorded or may otherwise exist.

21. In the event that the Closing occurs, if any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens or other documents or agreements evidencing Interests in the Debtor or Liens, Claims or Interests in the Assets (other than those relating to the "Assumed Liabilities", as defined in the Agreement) shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens, Claims or Interests which the person or entity has with respect to the

Debtor or the Acquired Assets or otherwise, then Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all such Liens, Claims and Interests in the Acquired Assets of any kind or nature whatsoever and the filing officer is hereby directed to accept the filing of the Sale Order by Purchaser as evidence of the release of such Liens, Claims and Interests.

22. In the event that the Closing occurs, under no circumstance shall any holder of a Lien, Claim or Interest in the Acquired Assets be able to commence, continue or otherwise pursue or enforce any remedy, claim or cause of action against Purchaser, except with respect to: (a) any Assumed Liabilities, (b) the Cure Amount, if any, under a Designated Contract or Added Contract with respect to performance due from the Debtor or Seller prior to Closing, or (c) performance due under a Designated Contract or Added Contract from Purchaser after Closing.

23. Nothing in this Order shall restrict the Purchaser from challenging after Closing the amount, validity, priority or extent of any Lien, Claim or Interest relating to the "Assumed Liabilities" as defined in the Agreement or negotiating a settlement or release of same.

24. In the event that the Closing occurs, all entities that are presently, or as of the Closing may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of the Acquired Assets to Purchaser at the Closing.

25. The Agreement and any related agreements, documents or other instrument may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further

order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate. Except as set forth in this Sale Order, in the event that there is a conflict between the terms of this Sale Order and the Agreement, the terms of the Agreement shall control.

26. At or before the Closing (unless otherwise agreed between Purchaser and SAP America, Inc.), the Seller shall cause all SAP software to be permanently removed from computers being sold and certify same to SAP in accordance with the SAP software license agreement with Seller.

27. The Purchaser acknowledges that the Closing of the sale of the Acquired Assets to Purchaser cannot occur absent the prior consent of Housing Capital Company ("*HCC*").

28. The Trustee shall consent to full stay relief in favor of HCC permitting full foreclosure on and sale of the San Marcos Property (as defined in the HCC Objection) upon the Trustee receiving the following from HCC, which shall be reasonably acceptable to the Trustee: (a) a declaration setting forth the indebtedness owed HCC secured by the San Marcos Property, together with reasonably acceptable support documentation and (b) an updated appraisal of the San Marcos Property or a declaration of an appraiser regarding the San Marcos Property which reflects a value of such property which is less than the debt described above. In the event that the documents do not support the indebtedness alleged to be owed to HCC or the alleged value of the San Marcos Property, as determined in the Trustee's reasonable discretion, then HCC's request for full stay relief shall be presented to the Court at the scheduled hearing in the matter. In light of paragraphs 27 and 28, the HCC Objection is withdrawn.

29. The Court shall have exclusive jurisdiction prior to the entry of an order closing this Case over all disputes arising under this Order, the Agreement and the transactions contemplated thereby.

30. As provided by Rules 6004(g) and 6006(d) of the Federal Rules of Bankruptcy Procedure, this Sale Order shall not be stayed for 10 days after the entry of the Order and shall be effective immediately upon entry.

Wilmington, Delaware
Dated: August 26, 2009

The Honorable Brendan L. Shannon
United States Bankruptcy Judge