# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WL HOMES LLC, et al.,[1] | Case No. 09-10571 (BLS) |
| Debtors. | Jointly Administered |

### ORDER APPROVING SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS

Upon consideration of the motion[2] of George L. Miller, chapter 7 trustee for the Debtors ("*Trustee*" or "*Seller*") to approve the sale of assets to Emaar America Corporation or a Higher and Better Bidder as thereafter modified, (the "*Motion*") and in accordance with that certain Asset Purchase Agreement[3] dated as of August 24, 2009 (the "*Agreement*") by and among Seller and DRH Regrem XXIV, Inc. ("*Purchaser*"), to approve the purchase and sale of certain of the Debtors' assets as described in the Asset Purchase Agreement (collectively, the "*Acquired Assets*") to Purchaser free and clear of liens, claims and encumbrances pursuant to section 363 of title 11 of the United States Code (the "*Bankruptcy Code*"); it appearing to the Court that it has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N) and 1334; the Court finding that notice of the Motion was sufficient under the circumstances; the Court having conducted a hearing on the Motion (*the "Sale Hearing"*) and having reviewed and considered the Agreement and the argument and evidence presented at the Sale Hearing;

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: WL Homes LLC (6595); JLH Realty & Construction, Inc. (1899); JLH Arizona Construction, LLC (2154); WL Texas LP (0079); WL Homes Texas LLC (0103); and Laing Texas LLC (0052).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] A true and correct copy of the Asset Purchase Agreement is attached hereto as Exhibit A.

and the Court having approved the Sale and Bid Procedures on July 16, 2009 and entered its Order Approving Bid Procedures for the Sale of Certain of Debtors' Assets to Emaar America Corporation or a Higher or Better Bidder (the *"Sale Procedures"*), Scheduling an Auction (the *"Auction"*) and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto and Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Proposed Cure Amounts entered on July 23, 2009 (D.I. 883; the *"Procedures Order"*) and due and adequate notice of the Motion having been given; and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105(a), 363(b), (f), (m), and (n), 365 and 1123 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9014.

C. Proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing and the Sale has been provided in accordance with Bankruptcy Code sections 102(1), 363 and 365 and FED. R. BANKR. P. 2002, 6004, 6006 and 9014 and in compliance with the Procedures Order. Such notice was good, sufficient and appropriate under the particular circumstances. For good cause shown, no other or further notice of the Motion, the Sale Hearing, the Sale Procedures, the Auction, or the Sale, is or shall be

---

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

required.

D.   The Seller has marketed the Acquired Assets and conducted the sale process in compliance with the Procedures Order and the Auction was duly noticed and conducted in a non-collusive, fair and good faith manner. Pursuant to the Procedures Order, the Agreement, if timely closed, has been duly determined to be the highest and best Qualified Bid (as defined in Exhibit 1 to the Procedures Order) for the Acquired Assets.

E.   Seller has full power and authority to close under the Agreement and execute and deliver all other documents contemplated thereby. No consents or approvals, other than those expressly provided for in the Agreement, are required for the Seller to consummate such transactions other than those set forth herein.

F.   Approval of the Agreement and consummation of the Sale is in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

G.   Seller has demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances exist for the Sale pursuant to Bankruptcy Code section 363(b).

H.   A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee; (ii) counsel for Purchaser; (iii) all entities known to have expressed an interest in a transaction with respect to the Acquired Assets during the past three months; (iv) all entities known to have asserted any Lien, Claim or Interest in or to any of the Acquired Assets and (v) all parties which have requested notice in this case. As used herein, "*Claim*" shall have the meaning ascribed to

such term in Section 101(5) of the Bankruptcy Code so long as such Claim arises out of or relates to the Acquired Assets, the Business or Debtor. As used herein, "*Lien*" shall have the meaning ascribed to such term in Section 101(37) of the Bankruptcy Code, including, without limitation, any statutory lien, pledge, mortgage, security interest, charge, conditional sale or other title retention agreement, or encumbrance of any kind or nature in or to the Acquired Assets to secure payment of a debt or performance of an obligation. As used herein, "*Interest*" shall mean any interest of a person other than Seller in and to, or related to any of the Acquired Assets to the fullest extent referred to in Section 363(f) of the Bankruptcy Code other than a Claim or Lien, including, without limitation, any option, repurchase option or right, right of first refusal or first offer, price or profit participation claim, claim of ownership or other property interest of any type, voting right, right-of-way, covenant, condition, or other third-party right, any third-party consent to, fee for, or restriction on transfer, sale or assignment right, or leasehold, license, easement, encroachment, restriction, title defect or encumbrance of any nature whatsoever, whether legal or equitable in nature, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated and whether contractual, statutory or common law in origin.

I. The Agreement was negotiated, proposed and entered into by the Seller and Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Seller nor Purchaser have engaged in any conduct that would cause or permit the Agreement to be avoided under Bankruptcy Code section 363(n).

J. Purchaser is a good faith purchaser within the meaning of Bankruptcy Code section 363(m) and, as such, is entitled to all of the protections afforded thereby.

K.  The consideration provided by Purchaser for the Acquired Assets pursuant to the Agreement (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Acquired Assets; (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

L.  Except as set forth in the Agreement, the Sale of the Acquired Assets to Purchaser will be a legal, valid, and effective transfer of the Acquired Assets, authorized pursuant to the Bankruptcy Code, and will vest Purchaser with all right, title, and interest of the Debtor to the Acquired Assets free and clear of all Liens, Claims and Interests, including without limitation any taxes arising under or out of, in connection with, or in any way relating to the operation of the Debtors' business prior to the date (the "*Closing Date*") of the consummation of the Agreement (the "*Closing*").

M.  Pursuant to Bankruptcy Code section 363(f), Purchaser shall purchase the Acquired Assets free and clear of all Liens, Claims and Interests. Purchaser does not constitute a successor-in-interest to the Debtors for any purpose, including successor liability, except as otherwise set forth herein.

N.  Seller may sell the Acquired Assets free and clear of all Liens, Claims and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) has been satisfied. Those (i) holders of Liens, Claims or Interests and (ii) non-Debtor parties to executory contracts being assigned which did not object, or who withdrew their objections, to the Motion have consented or are deemed to have consented to the relief requested by the Motion

pursuant to Bankruptcy Code Section 363(f)(2). Those holders of Liens, Claims or Interests are adequately protected by having their Liens, Claims and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they claim or may claim a Lien, Claim or Interest with the same priority that such party had in such property prior to the Sale.

O. Seller has demonstrated that the Sale is an exercise of sound business judgments and is in the best interests of the Debtors, their estates and creditors.

P. All objections to the Motion have been overruled or withdrawn.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

### General Provisions

1. The Motion is granted, as further described herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled, with prejudice, on the merits.

### Approval of the Asset Purchase Agreement

3. The Agreement, and all of the terms and conditions therein, are hereby approved in all respects as the Agreement. The failure specifically to include any particular provisions of the Agreement in this Order (the *"Sale Order"*)shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

4. Subject to the terms of this Sale Order, the terms and provisions of the Sale Order and the Agreement shall be binding in all respects upon, and shall inure to the benefit of, Seller, the Debtor, its estate, and its creditors, Purchaser, and its respective affiliates, successors and assigns, and any affected third parties including, but not limited

to, all persons asserting Liens, Claims or Interests in the Acquired Assets to be sold to Purchaser pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. Purchaser has not engaged in collusive bidding or otherwise violated the provisions of section 363(m) of the Bankruptcy Code.

5. The transactions contemplated by the Agreement are undertaken by Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to Purchaser, unless such authorization is duly stayed pending such appeal.

6. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

7. Pursuant to Bankruptcy Code section 363(b), without further order of the Court:

    a. Seller is hereby authorized and directed to perform its obligations under and comply with the terms of the Agreement, and consummate the Sale, pursuant to and in accordance with the terms and conditions of the Agreement.

    b. Seller is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the

Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and to take all further actions as may be requested by Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to Purchaser or reducing to possession, the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

8. Subject only to the satisfaction or waiver of the conditions to Closing set forth in the Agreement, Seller is authorized and directed to Close under the Agreement as soon as practicable but no later than September 30, 2009. Notwithstanding the preceding sentence, Purchaser's obligation to close under the Agreement shall be subject to the terms and conditions set forth therein and in this Sale Order.

### Sale of Acquired Assets Free and Clear of All Liens, Claims and Interests

9. Except as expressly permitted or otherwise specifically provided for in the Agreement or this Sale Order, pursuant to Bankruptcy Code sections 105(a) and 363(f):

   a. the Acquired Assets shall be transferred to Purchaser upon the Closing, and

   b. from and after Closing, the Acquired Assets shall be, free and clear of all Liens, Claims and Interests in and to the Acquired Assets of any kind or nature whatsoever, with all such Liens, Claims and Interests to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Acquired Assets, subject to any claims and

defenses the Debtor may possess with respect thereto.

10. Except as expressly permitted or otherwise specifically provided by the Agreement or this Sale Order, from and after Closing, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Interests of any kind or nature whatsoever against or in the Debtor or the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Acquired Assets, the operation of the Debtors' businesses is prior to the transfer of the Acquired Assets to Purchaser at the Closing, shall be forever barred, estopped, and permanently enjoined from asserting against Purchaser, its successors or assigns, its property, or the Acquired Assets, such persons' or entities' Interests.

11. The Sale of the Acquired Assets to Purchaser at Closing pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Acquired Assets, and shall vest Purchaser with all right, title, and interest of the Debtor in and to the Acquired Assets free and clear of all Liens, Claims and Interests of any kind or nature whatsoever.

### Additional Provisions

12. The consideration provided by Purchaser for the Acquired Assets at Closing under the Agreement shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under any other applicable law.

13. The consideration provided by Purchaser for the Acquired Assets at Closing under the Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code. Any and all purchase price adjustments provided in the

Agreement are hereby approved.

14. From and after Closing, each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

15. This Sale Order shall be effective as a determination that, as of the Closing, all Liens, Claims and Interests of any kind or nature whatsoever existing as to the Debtor or the Acquired Assets have been unconditionally released, discharged and terminated as to Purchaser and the Acquired Assets, and that the conveyances described herein have been effected. As of the Closing, each person asserting a Lien, Claim or Interest in the Acquired Assets is authorized and directed to execute such documents and take all other actions as may be necessary to release such Lien, Claim or Interest, if any, to the extent that such Lien, Claim or Interest may have been recorded or may otherwise exist.

16. In the event that the Closing occurs, if any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens or other documents or agreements evidencing Interests in the Debtor or Liens, Claims or Interests in the Acquired Assets shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens, Claims or Interests which the person or entity has with respect to the Debtor or the Acquired Assets or otherwise, then Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive

evidence of the release of all such Liens, Claims and Interests in the Acquired Assets of any kind or nature whatsoever and the filing officer is hereby directed to accept the filing of the Sale Order by Purchaser as evidence of the release of such Liens, Claims and Interests.

17. In the event that the Closing occurs, under no circumstance shall any holder of a Lien, Claim or Interest in the Acquired Assets be able to commence, continue or otherwise pursue or enforce any remedy, claim or cause of action against Purchaser.

18. In the event that the Closing occurs, all entities that are presently, or as of the Closing may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of the Acquired Assets to Purchaser at the Closing.

19. The Agreement and any related agreements, documents or other instrument may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate. Except as set forth in this Sale Order, in the event that there is a conflict between the terms of this Sale Order and the Agreement, the terms of the Agreement shall control.

20. The Court shall have exclusive jurisdiction prior to the entry of an order closing this case over all disputes arising under this Order, the Agreement and the transactions contemplated thereby.

21. As provided by Rules 6004(h) of the Federal Rules of Bankruptcy Procedure, this Sale Order shall not be stayed for 10 days after the entry of the Order and shall be effective immediately upon entry.

Wilmington, Delaware
Dated: September 15, 2009

The Honorable Brendan L. Shannon
United States Bankruptcy Judge