# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WL HOMES LLC, et al.,[1] | Case No. 09-10571 (BLS) |
| Debtors. | Jointly Administered |

**Hearing Date: October 20, 2009 @ 11:00 a.m.**
**Objection Deadline: October 15, 2009 @ 4:00 p.m.**

## MOTION FOR ORDER APPROVING STIPULATION BY AND AMONG GEORGE L. MILLER, CHAPTER 7 TRUSTEE FOR THE ESTATES OF WL HOMES LLC, et. al. AND CC HIGHLANDS LLC PURSUANT TO FED.R.BANKR.R. 9019

George L. Miller, chapter 7 trustee for the estates of WL Homes LLC, et. al. (the "Trustee") files this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to enter into and approve a stipulation (the "Stipulation") by and between the Trustee and CC Highlands LLC ("Highlands"). In support of the Motion, the Trustee avers the following:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee has standing to request the relief stated in the Motion.

2. Because a claim is being settled by the Trustee, Bankruptcy Rule 9019(a) expressly permits the Court to approve a settlement agreement. Accordingly, the Trustee properly brings this Motion to the Court pursuant to Bankruptcy Rule 9019(a).

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: WL Homes LLC (6595); JLH Realty & Construction, Inc. (1899); JLH Arizona Construction, LLC (2154); WL Texas LP (0079); WL Homes Texas LLC (0103); and Laing Texas LLC (0052).

## BACKGROUND

3. On February 19, 2009, the Petition Date, the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code[2].

4. Effective June 5, 2009 (the "Conversion Date") the Case was converted to a proceeding under chapter 7 and George L. Miller was appointed as the chapter 7 trustee.

5. The general factual background relating to the Debtors' commencement of the chapter 11 cases is set forth in detail in the *Declaration of Bradley D. Sharp, Chief Restructuring Officer, in Support of First Day Motions* (the "Sharp Declaration") filed at the commencement of these cases and incorporated herein by reference.

6. Prior to the Petition Date, the Debtor executed a promissory note (the "First Note") in favor of IndyMac Bank, F.S.B. ("IndyMac"), evidencing a loan in the amount of $13,200,000 (the "First Loan"), as well as a revolving promissory note (the "Second Note," and together with the First Note, the "Notes") in favor of IndyMac evidencing a construction loan in the amount of $12,000,000 (the "Second Loan," and together with the First Loan, the "Loans").

7. The Loans are secured by two Deeds of Trust on the Debtors' property located in Adams County Colorado, known as the Country Club Highlands subdivision, as well as all buildings, structures and other improvements located or to be constructed thereon, and any and all other rights of the Debtors relating to the property (collectively, the "Collateral").

8. The Notes and Deeds of Trust were assigned to Highlands' predecessor in interest (and assignor) from the Federal Deposit Insurance Corporation ("FDIC") after IndyMac was seized by the Office of Thrift Supervision and transferred to the FDIC.

---

[2] The cases were subsequently jointly administered by order entered February 20, 2009 [Docket No. 48].

9. As of the Petition Date, the Debtors owed Highlands the principal balance of $5,334,669.81 under the First Note and $1,555,835.58 under the Second Note for a total principal of $6,890,505.39 plus interest, costs, attorney's fees due to Highlands in an amount yet to be determined.

10. On June 17, 2009, Highlands filed a Motion for Relief from the Stay [Docket No. 728] and relief was granted by Order dated July 21, 2009 [Docket No. 872].

11. Highlands has commenced an action to foreclose on the Collateral and appoint a receiver in the state court in Colorado.

12. To avoid the expense and delay of foreclosure, the Trustee and Highlands have concluded that it is appropriate and have agreed, after arms-length negotiations, subject to approval by the Bankruptcy Court, to enter into a stipulation resolving the claims and issues that may exist between them and transfer ownership of the Collateral to Highlands (the "Stipulation").

13. The Stipulation provides, among other things, that:[3]

- Within five (5) days of the execution of the Agreement and approval by the Court, Highlands shall pay by wire transfer, in immediately available funds, the amount of $25,000 (the "Settlement Payment") to an account identified in writing by counsel to the Trustee.

- Promptly upon receipt of the Settlement Payment, the Trustee shall execute (a) deeds in lieu of foreclosure, substantially in the form attached as Exhibit A to the Stipulation (the "Deeds"), and (b) the Estoppel Affidavit, substantially in the form attached as Exhibit B to the Stipulation (the "Affidavit").

- The Trustee will promptly deliver such Deeds and Affidavits to counsel for Highlands.

---

[3] The description contained herein is qualified in its entirety by reference to the Stipulation, a copy of which is attached hereto as Exhibit "A" and incorporated by reference herein as if set forth at length.

- The Trustee agrees to execute any other miscellaneous documentation in order to insure title to Highlands under the Deeds and to ensure that all rights relating to the property are properly transferred to Highlands, so long as no monetary consideration nor additional liability on the part of the Trustee is associated with such documentation.

- The Trustee assigns to Highlands and Highlands shall obtain from Taylor B. Grant, receiver for Bank of America, certain documents and other materials identified in the Stipulation with no cost or expense associated therewith borne by the estate.

## RELIEF REQUESTED

14. By the Motion, the Trustee seeks approval of the Stipulation pursuant to Bankruptcy Rule 9019.

## BASIS FOR RELIEF REQUESTED

15. This Court has the authority to grant the relief requested in this Motion pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order. . .that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[4] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F. 3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993). In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

16. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." In re

---

[4] Bankruptcy Rule 9019 provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting Louise's, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. Martin, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

> (a) The probability of success in the litigation;
> (b) The complexity, expense and likely duration of the litigation;
> (c) The possibilities of collecting on any judgment which might be obtained;
> (d) All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and
> (e) Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968). See also Martin, 91 F.3d at 393. Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 425. The TMT rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.) (quoting In re Drexel Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991)). See also, Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983).

17. Applying the foregoing standards to this case, the Trustee believes that the Stipulation is in the best interests of the estate and its creditors, and is fair and equitable. The Stipulation results in a recovery of $25,000 for the estate which may not have been otherwise available.

18. In addition, the settlement avoids the costs and expense of document production or litigation relating thereto.

19. Thus the settlement as set forth in the Stipulation is well within the range of reasonableness and the Trustee respectfully submits that it should be approved.

**NOTICE**

17. Notice of this Motion has been given to: to (i) the United States Trustee, (ii) counsel to all parties to the Stipulation, and (iii) all parties in interest having requested notice pursuant to Rule 2002 as of the date hereof. In light of the nature of the relief requested herein, the Trustee respectfully submits that no other or further notice need be given.

18. Pursuant to Local District Court Rule 7.1.2(a), incorporated by reference into the Local Rules of the Bankruptcy Court and because there are no novel issues of law presented in this Motion, the Trustee waives his right to file a brief in support of this Motion and the legal argument contained herein shall be considered in lieu of the opening brief.

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached hereto, (i) authorizing the Trustee to enter into and approve the compromise set forth in the Stipulation between the Trustee and Highlands; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: September 30, 2009                    CIARDI CIARDI & ASTIN

                                                            */s/ Shannon D. Leight*
                                              Daniel K. Astin (No. 4068)
                                              Shannon D. Leight (No. 4115)
                                              Mary E. Augustine (No. 4477)
                                              919 N. Market Street, Suite 700
                                              Wilmington, Delaware 19801
                                              Tel: (302) 658-1100
                                              Fax: (302) 658-1300
                                              dastin@ciardilaw.com
                                              sleight@ciardilaw.com
                                              maugustine@ciardilaw.com

-and-

Albert A. Ciardi, III
Thomas D. Bielli
Kevin G. McDonald
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103
Tel: (215) 557-3550
Fax: (215) 557-3551
aciardi@ciardilaw.com
tbielli@ciardilaw.com
kmcdonald@ciardilaw.com

*Counsel to George L. Miller,
Chapter 7 Trustee*