IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WL HOMES LLC, et al.,[1] | Case No. 09-10571 (BLS) |
| Debtors. | Jointly Administered |
| | Related Docket No. 1225 |

**ORDER APPROVING SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, ASSIGNMENT AND AMENDMENT OF THAT CERTAIN ASSET PURCHASE AGREEMENT BY AND BETWEEN THE ESTATE AND DRH REGREM, XXIV, INC., A DELAWARE CORPORATION TO CENTEX HOMES AND SETTLEMENT OF CERTAIN CLAIMS**

Upon consideration of the motion (the "*Motion*")[2] of George L. Miller, chapter 7 trustee for the Debtors (the "*Trustee*") for authority to sell the Acquired Assets and the DRH Assets (collectively, the "*Batchellors Forest Assets*") to Centex Homes, a Nevada general partnership ("*Centex*"), free and clear of liens, claims and encumbrances pursuant to section 363 of title 11 of the United States Code (the "*Bankruptcy Code*") and to settle certain claims of the Debtors' bankruptcy estates against Batchellors Forest, LLC pursuant to that certain asset purchase agreement dated as of October 22, 2009 (the "*Centex Agreement*"), and, in connection therewith, to assign and amend that certain asset purchase agreement (the "*DRH Agreement*") by and between the estate and DRH Regrem, XXIV, Inc., a Delaware corporation ("*DRH*") to Centex pursuant to that certain assignment and assumption of and amendment to asset purchase agreement dated as of

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: WL Homes LLC (6595); JLH Realty & Construction, Inc. (1899); JLH Arizona Construction, LLC (2154); WL Texas LP (0079); WL Homes Texas LLC (0103); and Laing Texas LLC (0052).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

October 22, 2009 (the "*Assignment Agreement*") pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; it appearing to the Court that it has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N) and 1334; the Court finding that notice of the Motion was sufficient under the circumstances; the Court having conducted a hearing, reviewed and considered the Centex Agreement and the Assignment Agreement and the Court having entered its Order Approving Bid Procedures for the Sale of Certain of Debtors Assets to Emaar America Corporation or a Higher and Better Bidder, Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto, and Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Amounts (the "*Procedures Order*") and its Order, as amended, approving the sale of the certain assets defined as the "*DRH Assets*" in the Motion, free and clear of liens, claims and interests to DRH (the "*Good Counsel Sale Order*") and due and adequate notice of the Motion having been given; and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are sections 105(a) and 363(b), (f), (m), and (n) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 6004 and 9014.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* FED. R. BANKR. P. 7052.

C. Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with 11 U.S.C. §§ 102(1), 363 and 365 and FED. R. BANKR. P. 2002, 6004 and 9014. Such notice was good, sufficient and appropriate under the particular circumstances. For good cause shown, no other or further notice of the Motion, the sale of the Batchellors Forest Assets or the assignment of and amendment to the DRH Agreement to Centex is or shall be required.

D. The Trustee has full power and authority to close under the Centex Agreement and the DRH Agreement, as amended by the Assignment Agreement, and execute and deliver all other documents contemplated thereby. No consents or approvals, other than those expressly provided for in the Centex Agreement and the DRH Agreement, as amended by the Assignment Agreement, are required for the Trustee to consummate such transactions other than those set forth herein.

E. Approval of the Centex Agreement and the Assignment Agreement and consummation of the Sale (defined below) is in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

F. The Trustee has demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances exist for the sale of the Batchellors Forest Assets pursuant to 11 U.S.C. § 363(b).

G. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee; (ii) counsel for Centex; (iii) counsel for DRH, (iv) all entities known to have expressed an interest in a transaction with respect to the Batchellors Forest Assets during the past three months; (v) all entities

known to have asserted any Lien, Claim or Interest in or to any of the Batchellors Forest Assets; and (vi) all parties which have requested notice in this case. As used herein, "*Claim*" shall have the meaning ascribed to such term in Section 101(5) of the Bankruptcy Code so long as such Claim arises out of or relates to the Batchellors Forest Assets, the Business or Debtor. As used herein, "*Lien*" shall have the meaning ascribed to such term in Section 101(37) of the Bankruptcy Code, including, without limitation, any statutory lien, pledge, mortgage, security interest, charge, conditional sale or other title retention agreement, or encumbrance of any kind or nature in or to the Batchellors Forest Assets to secure payment of a debt or performance of an obligation. As used herein, "*Interest*" shall mean any interest of a person other than the Trustee in and to, or related to any of the Batchellors Forest Assets to the fullest extent referred to in Section 363(f) of the Bankruptcy Code other than a Claim or Lien, including, without limitation, any option, repurchase option or right, right of first refusal or first offer, price or profit participation claim, claim of ownership or other property interest of any type, voting right, right-of-way, covenant, condition, or other third-party right, any third-party consent to, fee for, or restriction on transfer, sale or assignment right, or leasehold, license, easement, encroachment, restriction, title defect or encumbrance of any nature whatsoever, whether legal or equitable in nature, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated and whether contractual, statutory or common law in origin.

H.  The Centex Agreement, the DRH Agreement and the Assignment Agreement were negotiated, proposed and entered into by the Trustee, Centex and DRH without collusion, in good faith, and from arm's-length bargaining positions. Neither the

Trustee, Centex nor DRH have engaged in any conduct that would cause or permit the Centex Agreement, the DRH Agreement or the Assignment Agreement to be avoided under 11 U.S.C. § 363(n).

I. Centex is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded thereby.

J. The consideration provided by Centex for the Batchellors Forest Assets pursuant to the Centex Agreement, DRH Agreement and Assignment Agreement (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Batchellors Forest Assets; (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

K. The sale of the Batchellors Forest Assets to Centex (the "Sale") will be a legal, valid, and effective transfer of the Batchellors Forest Assets, authorized pursuant to the Bankruptcy Code, and will vest Centex with all right, title, and interest of the Debtor to the Batchellors Forest Assets free and clear of all Liens, Claims and Interests, including without limitation any taxes arising under or out of, in connection with, or in any way relating to the operation of the Debtors' business prior to the date (the "*Closing Date*") of the closing under the Centex Agreement, the DRH Agreement and the Assignment Agreement (the "*Closing*").

L. Pursuant to 11 U.S.C. § 363(f), Centex shall purchase the Batchellors Forest Assets free and clear of all Liens, Claims and Interests. Centex does not constitute a successor-in-interest to the Debtor for any purpose, including successor liability.

M. The Trustee may sell the Batchellors Forest Assets free and clear of all Liens, Claims and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those holders of Liens, Claims or Interests and which did not object, or who withdrew their objections, to the Motion have consented or are deemed to have consented to the relief requested by the Motion pursuant to 11 U.S.C. § 363(f)(2). Those holders of Liens, Claims or Interests are adequately protected by having their Liens, Claims and Interests, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they claim or may claim a Lien, Claim or Interest with the same priority that such party had in such property prior to the Sale.

N. The compromise of the Batchellors Forest Claims and the Sale of the Batchellors Forest Assets, to the extent it is considered a compromise of claims, are in the best interests of the Debtor, its creditors, its estate and other parties in interest. Considering the total consideration paid by Centex for the Batchellors Forest Assets indicates that the terms of the proposed compromise fall within the reasonableness range or litigation possibilities in light of (i) the probability of success in the litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and (iv) whether the proposed compromise is fair and equitable to the debtor, its creditors and other parties in interest.

O. The Trustee has demonstrated that the Sale is an exercise of sound business judgment and is in the best interest of the Debtors, their estates and creditors.

P. All objections to the Motion have been overruled or withdrawn.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted, as further described herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled, with prejudice, on the merits.

3. The Centex Agreement and Assignment Agreement and all of the terms and conditions therein, including the amendments to the DRH Agreement (as assigned to Centex and amended by the Assignment Agreement, the "Amended DRH Agreement"), are hereby approved in all respects. The failure specifically to include any particular provisions of the Centex Agreement or Assignment Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Centex Agreement and Assignment Agreement be authorized and approved in their entirety.

4. The sale, assignment and transfer to Centex by DRH of all of DRH's right, title and interest in and to the DRH Agreement, including all rights in and to the DRH Deposit, pursuant to the Assignment Agreement, is hereby approved with Centex to hold all rights in and to the DRH Agreement and the DRH Deposit, including the right to purchase the DRH Assets on the same terms and conditions as provided for in the Good Counsel Sale Order, as modified by this Sale Order, and the right to receive credit for the amount of the DRH Deposit against the Purchase Price under the DRH Agreement, or a right to return of the DRH Deposit as provided in the DRH Agreement.

5. Subject to the terms of this Sale Order, the terms and provisions of the Sale Order, the Centex Agreement and the Amended DRH Agreement shall be binding in

all respects upon, and shall inure to the benefit of, the Trustee, the Debtor, its estate, and its creditors, Centex, and its respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting Liens, Claims or Interests in the Batchellors Forest Assets to be sold to Centex pursuant to the Centex Agreement and the Amended DRH Agreement, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding. Centex has not engaged in collusive bidding or otherwise violated the provisions of section 363(n) of the Bankruptcy Code.

6. The transactions contemplated by the Centex Agreement and the Amended DRH Agreement are undertaken by Centex in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to Centex, unless such authorization is duly stayed pending such appeal.

7. The Centex Agreement and the Amended DRH Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

8. Pursuant to 11 U.S.C. § 363(b), without further order of the Court:

   a. The Trustee is hereby authorized and directed to perform its obligations under and comply with the terms of the Centex Agreement and

the Amended DRH Agreement and consummate the Sale, pursuant to and in accordance with the terms and conditions of the Centex Agreement and the Amended DRH Agreement.

b.  The Trustee is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Centex Agreement and the Amended DRH Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Centex Agreement and the Amended DRH Agreement, and to take all further actions as may be requested by Centex for the purpose of assigning, transferring, granting, conveying and conferring to Centex or reducing to possession, the Batchellors Forest Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Centex Agreement and the Amended DRH Agreement.

9.  Subject only to the satisfaction or waiver of the conditions to Closing set forth in the Centex Agreement and the Amended DRH Agreement, the Trustee is authorized and directed to Close under the Centex Agreement and the Amended DRH Agreement as soon as practicable but no later than November 30, 2009. Notwithstanding the preceding sentence, Centex's obligation to close under the Centex Agreement and the Amended DRH Agreement shall be subject to the terms and conditions set forth therein and in this Sale Order.

10.  Pursuant to 11 U.S.C. §§ 105(a) and 363(f):

a.  the Batchellors Forest Assets shall be transferred to Centex upon

the closing and consummation of the Centex Agreement and the Amended DRH Agreement, and

b. from and after Closing, the Batchellors Forest Assets shall be free and clear of all Liens, Claims and Interests in and to the Batchellors Forest Assets of any kind or nature, with all such Liens, Claims and Interests to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Batchellors Forest Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

11. From and after Closing, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Interests of any kind or nature whatsoever against or in the Debtor or the Batchellors Forest Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Batchellors Forest Assets, the operation of the Business prior to the transfer of the Batchellors Forest Assets to Centex at the Closing, shall be forever barred, estopped, and permanently enjoined from asserting against Centex, its successors or assigns, its property, or the Batchellors Forest Assets, such persons' or entities' Interests.

12. The Sale of the Batchellors Forest Assets to Centex at Closing pursuant to the Centex Agreement and the Amended DRH Agreement constitutes a legal, valid, and effective transfer of the Batchellors Forest Assets, and shall vest Centex with all right, title, and interest of the Debtor in and to the Batchellors Forest Assets free and clear of all

Liens, Claims and Interests of any kind or nature whatsoever.

13. The compromise of the Batchellors Forest Claims, and to the extent that the sale of the Batchellors Forest Assets is considered a compromise of claims of the Debtors' estates against Centex and its affiliates, are hereby approved pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 as being in the best interests of the Debtors' estate and its creditors. The Trustee is authorized and directed to consummate such settlements contemporaneously with the Closing of the Sale.

14. The consideration provided by Centex for the Batchellors Forest Assets at Closing under the Centex Agreement and the Amended DRH Agreement shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under any other applicable law.

15. The consideration provided by Centex for the Batchellors Forest Assets at Closing under the Centex Agreement and the Amended DRH Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code. Any and all purchase price adjustments provided in the Centex Agreement and Amended DRH Agreement are hereby approved.

16. The consideration provided by Centex for the Trustee's consent to the assignment of the DRH Agreement and the Trustee's entering into the Assignment Agreement and agreeing to the amendments to the DRH Agreement pursuant to the Assignment Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

17. From and after Closing, each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents

and instruments necessary and appropriate to consummate the transactions contemplated by the Centex Agreement and the Amended DRH Agreement.

18. This Sale Order shall be effective as a determination that, as of the Closing, all Liens, Claims and Interests of any kind or nature whatsoever existing as to the Debtor or the Batchellors Forest Assets have been unconditionally released, discharged and terminated as to Centex and the Batchellors Forest Assets, and that the conveyances described herein have been effected. As of the Closing, each person asserting a Lien, Claim or Interest in the Batchellors Forest Assets is authorized and directed to execute such documents and take all other actions as may be necessary to release such Lien, Claim or Interest, if any, to the extent that such Lien, Claim or Interest may have been recorded or may otherwise exist.

19. In the event that the Closing occurs, if any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens or other documents or agreements evidencing Interests in the Debtor or Liens, Claims or Interests in the Batchellors Forest Assets shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens, Claims or Interests which the person or entity has with respect to the Debtor or the Batchellors Forest Assets or otherwise, then Centex is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all such Liens, Claims and Interests in the Batchellors Forest Assets of any kind or nature whatsoever and the filing officer is hereby directed to accept the filing of the Sale Order by Centex as evidence of the release of

such Liens, Claims and Interests.

20. In the event that the Closing occurs, under no circumstances shall any holder of a Lien, Claim or Interest in the Batchellors Forest Assets be able to commence, continue or otherwise pursue or enforce any remedy, claim or cause of action against Centex.

21. In the event that the Closing occurs, all entities that are presently, or as of the Closing may be, in possession of some or all of the Batchellors Forest Assets are hereby directed to surrender possession of the Batchellors Forest Assets to Centex at the Closing.

22. The Centex Agreement, the Amended DRH Agreement, the Assignment Agreement and any related agreements, documents or other instrument may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate. Except as set forth in this Sale Order, in the event that there is a conflict between the terms of this Sale Order and either the Centex Agreement, the Amended DRH Agreement or the Assignment Agreement, the terms of the Centex Agreement, the Amended DRH Agreement or Assignment Agreement, as applicable, shall control.

23. The Court shall have exclusive jurisdiction prior to the entry of an order closing this Case over all disputes arising under this Sale Order, the Centex Agreement, the Amended DRH Agreement and the Assignment Agreement and the transactions contemplated thereby.

24. As provided by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Sale Order shall not be stayed for 10 days after its entry and shall be effective immediately upon entry.

Wilmington, Delaware
Dated: November 18, 2009

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge