IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> WL HOMES LLC, et al.,[1] <br><br>                    Debtors. | Chapter 7 <br><br> Case No. 09-10571 (BLS) <br> Jointly Administered <br><br> Proposed Objection Deadline: 12/7/09 @ 4:00 p.m. <br> Proposed Hearing Date:   12/14/09 @ 12:00 p.m. |

## OMNIBUS MOTION OF BANK OF AMERICA, N.A., SEEKING TO COMPEL TRUSTEE TO ABANDON ALL COLLATERAL AND ALL INTERESTS IN REAL PROPERTY, SIGNIFICANT OR RESIDUAL, IN WHICH THE BANK HOLDS AN INTEREST, PURSUANT TO 11 U.S.C. § 554(b)

Bank of America, N.A. ("**BANA**"), by and through its undersigned counsel, hereby respectfully submits this Omnibus Motion Seeking to Compel the Trustee to Abandon all Collateral and all Interests in Real Property, Significant or Residual, in which the Bank holds an Interest, Pursuant to 11 U.S.C. § 554(b). (the "**Omnibus Motion**"). In further support thereof, BANA states the following:

### STATEMENT OF FACTS

**The Loan and Collateral**

1.  WL Homes LLC, BANA and certain other lenders, including Bank of the West, National City Bank, City National Bank, and First Horizon Home Loan Corporation (collectively, the "**Lenders**"), entered into that certain Revolving Credit Agreement, dated October 24, 2005.

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are WL Homes LLC (6595); JLH Realty & Construction, Inc. (1899); JLH Arizona Construction, LLC (2154); WL Texas LP (0079); WL Homes Texas LLC (0103); and Laing Texas LLC (0052). The current mailing address for each of the Debtors is 19520 Jamboree Road, Suite 500, Irvine, CA 92612.

WLM 519349.1

2.      Under the terms of the Revolving Credit Agreement, Lenders advanced money to WL Homes LLC to acquire, develop, and construct residential development projects in California, Arizona and Colorado. To evidence the advances, WL Homes LLC executed and delivered revolving notes payable to the order of the Lenders (collectively, the "**Notes**"). The amount of unpaid principal owed by WL Homes LLC under the Revolving Credit Agreement and Notes is no less than $133,751,650.

3.      The obligations of WL Homes LLC under the Revolving Credit Agreement and the Notes were secured by deeds of trust and security agreements (collectively, the "**Security Instruments**") on, among other things, the real properties comprising the residential development projects in California, Arizona and Colorado, which are owned by WL Homes LLC. Notably, WL Homes LLC agreed in the loan documents that the collateral for the loans secured all advances, regardless of the project for which such advances were made (the projects are cross-collateralized), and extended not only to the real properties, but also to the project documentation and contracts associated with each project. The Security Instruments and, in particular, the deeds of trust given by WL Homes LLC granted BANA a lien on and described the collateral securing the loans under the Revolving Credit Agreement to include the following:

> (j)    .. all existing and future construction contracts, architect contracts, engineering contracts and related agreements ("construction documents") . . . development and use rights, governmental permits, approvals and licenses, applications, architectural and engineering plans, specifications and drawings, as-built drawings, chattel paper (whether tangible or electronic), instruments, documents, promissory notes and drafts, which arise from or relate to construction on the Land or to any business now or later to be conducted on it, or to Land and Improvements generally; together with
> 
> . . .
> 
> (m)    All books and records pertaining to any and all of the property described above, including computer-readable

memory and any computer hardware or software necessary to access and process such memory ("**Books and Records**") ....

4.  To perfect BANA's lien granted by the Security Interests in the properties, the Security Instruments were recorded in the appropriate California county recorders' offices and filed with the California secretary of state.

### Relief From Stay and State Court Action

5.  On May 16, 2009, WL Homes LLC and its debtor and affiliates and BANA entered into that certain *Stipulation Among the Debtors and Bank of America, N.A., as Agent, Modifying the Automatic Stay and Providing Other Relief Respecting BANA's Collateral* [Dkt. No. 600, Ex. A] (the "**Stipulation**"). Pursuant to the Stipulation, WL Homes LLC acknowledged that:

> (A) It owes BANA "approximately $132 million in principal plus accrued interest, costs and fees including, without limitation, attorneys' fees and costs" under the Revolving Credit Agreement;
>
> (B) Its obligations to BANA are secured by a "first-priority, perfected, valid, unavoidable lien on and security interest" in the properties; and
>
> (C) BANA's liens on the properties "are evidenced and perfected by virtue of the recordation in the appropriate offices of land records and secretary of state of deeds of trust and UCC financing statements with respect to" the properties.
>
> ....
>
> (P) The Debtors have determined that the value of the BANA Collateral as of the Petition Date and thereafter is substantially below the extent of BANA's liens thereon, such that Debtors have no equity in the BANA Collateral.

6.  As such, WL Homes LLC stipulated and agreed, and this Court ordered that:

> (A) BANA "is granted relief from the automatic stay to the extent necessary to ... exercise any and all rights and remedies available under the [Revolving Credit Agreement and Notes and Security Documents], including, without limitation, the right to foreclose upon the [properties]."

(B) WL Homes LLC "hereby irrevocably consent[s] to the appointment of one or more receivers ... in the event that BANA shall determine, in its sole and absolute discretion, that the appointment of a receiver is appropriate, whether in connection with foreclosure proceedings or otherwise. [WL Homes LLC] irrevocably consent[s] to the filing of an order agreeable to BANA (the "**Receiver Order**") upon determination by BANA that appointment of receiver is appropriate."

7. On May 21, 2009, this Court entered its *Order Approving Stipulation Among The Debtors And Bank Of America, N.A., As Agent, Modifying The Automatic Stay And Providing Other Relief Respecting BANA'S Collateral* [Dkt. No. 647] (the "**Stay Relief Order**"). The Stay Relief Order became effective immediately upon its entry.

8. Prior to the filing of the Stipulation, the Official Committee of Unsecured Creditors in the Bankruptcy Case (the "**Committee**") filed that certain *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Converting the Debtors' Chapter 11 Cases to Chapter 7 Cases Pursuant to 11 U.S.C. § 1112(b)* [Dkt. No. 531] (the "**Conversion Motion**"). In the Conversion Motion, the Committee argued that the Bankruptcy Case should be converted because, among other things, (i) the "Debtors have shut down operations and intend to liquidate their assets to [their parent company and its affiliates] rather than reorganize" and (ii) "the apparent intention of the Debtors is to sell their assets to [their parent company and its affiliates] and convert these cases." On June 5, 2009, the Bankruptcy Court entered its *Order Converting the Debtors' Chapter 11 Cases to Chapter 7 Cases Pursuant to § 1112(b)* [Dkt. No. 691] (the "**Conversion Order**").

9. Pursuant to the Court's Stay Relief Order, on June 4, 2009, BANA filed an action in California state court entitled *Bank of America, N.A. v. WL Homes LLC, et al.*, Orange County Superior Court, Case No. 2009-273556 (the "**Orange County Action**"), through which BANA sought relief consisting of, among other things, appointment of a receiver and judicial foreclosure on the 23 projects located in California that secure BANA's loans to WL Homes

LLC. On June 10, 2009, the California state court granted BANA's application for appointment of a receiver.

### The Joint Venture Projects

10.     Separate and apart from the loans made to the Debtor under the Revolving Credit Agreement discussed above, BANA and other lenders made other loans to various joint venture entities in which the Debtor was a joint venture partner. Three such borrowing joint ventures are known as Laing-CP Lake Elsinore, LLC, WL Summerly Associates, LLC, and WL Newland Associates, LLC. Those entities are not in bankruptcy, but they are in default under their loans. Accordingly, BANA, on behalf of itself and in some cases other lenders, has either initiated non-judicial foreclosure proceedings vis-a-vis the properties securing the loans and/or filed actions in California state courts seeking appointment of a receiver and judicial foreclosure on the properties securing the loans.

### Order Authorizing Stipulation for Production of Documents

11.     On August 17, 2009, the Court entered the *Stipulation and Agreed Order Respecting Production of Documents and Turnover of Collateral* [Dkt. No. 978] (the **"Stipulation and Agreed Order"**). Under the Stipulation and Agreed Order, the Court directed that BANA and the receiver appointed in the Orange County Action be granted immediate and unfettered access to certain premises (referred to as the Jamboree premises, hereinafter, the **"Premises"**), of which the Trustee was vacating and which contained documents and other written records regarding BANA's collateral (collectively, the **"Documents"**).

12.     BANA believes that the receiver appointed in the Orange County Action is in possession of the Documents that constitute BANA's collateral from the Jamboree facility, but that there remain documents and other collateral located in several remaining offices and storage

facilities in California, Arizona and Colorado, both belonging to WL Homes LLC and one or more of the Joint Ventures (collectively, the **"Additional Documents"**).

### **Abandonment**

13.     Bankruptcy Code § 554 provides for the abandonment of property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

14.     The Trustee is incurring costs to store the Additional Documents. BANA is aware of no benefits to the estates resulting from the retention of the Additional Documents. Therefore, the Additional Documents must be burdensome to the estates and should be abandoned.

15.     Additionally, as WL Homes LLC acknowledged in the Stipulation, BANA's liens exceed the value of the BANA Collateral (as the term is defined in the Stipulation) that secure the obligations of WL Homes LLC to BANA. Therefore, WL Homes LLC has no equity in the BANA Collateral, including all personal and real property, the BANA Collateral is of inconsequential value, provides no benefit to the estates and should be abandoned.

16.     BANA requests that the court grant the relief requested in this Omnibus Motion without prejudice to any claim(s) that BANA may have against the estates.

WHEREFORE, BANA requests that the Court enter an order granting the Omnibus Motion and granting such other and further relief as is just and equitable.

Dated: November 25, 2009  
Wilmington, DE

Respectfully submitted:

EDWARDS ANGELL PALMER & DODGE, LLP

By: /s/ Stuart M. Brown  
Stuart M. Brown (#4050)  
Selinda A. Melnik (#4032)  
919 N. Market Street, 15th Floor  
Wilmington, DE 19801  
302-777-7770  
302-777-7263 – facsimile  
Sbrown@EAPDlaw.com  
Smelnik@EAPDlaw.com

Counsel to Bank of America, N.A.