IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WL HOMES LLC, et al.,[1] | Case No. 09-10571 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date: TBD** |
| | **Objection Deadline: TBD** |

## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENTS AND RELEASES PURSUANT TO FED. R. BANKR. P. 9019

George L. Miller, chapter 7 trustee (the "Trustee") for the estates of WL Homes LLC, et. al. (individually and collectively, the "Debtors") files this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to enter into and approve Settlement Agreements and Releases (the "Settlements") by and between WL Homes, LLC dba John Laing Homes ("WL") and Executive Plumbing, Inc. ("Executive"), Bourne Development, Inc. ("Bourne"), Hy-Tech Tile, Inc. ("Hy-Tech"), Tomkins Industries dba Lasco Bathware ("Lasco"), Kerdus Plastering, Inc. ("Kerdus") and Larry Methvin Installations ("LMI") (collectively, the "Released Defendants"), respectively. In support of the Motion, the Trustee avers the following:

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: WL Homes LLC (6595); JLH Realty & Construction, Inc. (1899); JLH Arizona Construction, LLC (2154); WL Texas LP (0079); WL Homes Texas LLC (0103); and Laing Texas LLC (0052).

## JURISDICTION

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee has standing to request the relief stated in the Motion.

2. Because claims are being settled by the Trustee, Bankruptcy Rule 9019(a) expressly permits the Court to approve a settlement agreement. Accordingly, the Trustee properly brings this Motion to the Court pursuant to Bankruptcy Rule 9019(a).

## BACKGROUND

3. On February 19, 2009 ( the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code[2].

4. Effective June 5, 2009 (the "Conversion Date") the Case was converted to a proceeding under chapter 7 and George L. Miller was appointed as the chapter 7 trustee.

5. The general factual background relating to the Debtors' commencement of the chapter 11 cases is set forth in detail in the *Declaration of Bradley D. Sharp, Chief Restructuring Officer, in Support of First Day Motions* (the "Sharp Declaration") filed at the commencement of these cases and incorporated herein by reference.

6. As of the Petition Date, that certain litigation matter was pending in the Orange County, California Superior Court entitled WL Homes LLC, et al. v. B&B Framing, Inc. et al., Case No. 30-2008-00113668 (the "Action"). WL initiated the Action to recover costs incurred in performing repairs to defects at various homes located within the Mandalay project which has been reported to WL by certain homeowners through August 22, 2008.

7. Specifically, the damages demanded against the Released Defendants may be

---

[2] The cases were subsequently jointly administered by order entered February 20, 2009 [Docket No. 48].

summarized as follows:

|  |  |
|---|---|
| Executive | $14,927.78 |
| Bourne | $14,754.28 |
| Hy-Tech | $28,067.56 |
| Lasco | $22,594.99 |
| Kerdus | $91,893.17 |
| LMI | $28,556.89 |

8. To avoid the expense and delay of litigation, WL and each of the Released Defendants have concluded that it is appropriate and agreed, after arms-length negotiations, subject to approval by the Bankruptcy Court, to enter into a Settlement Agreement and Release (the "Settlement" and collectively, the "Settlements") resolving the claims and issues (the "Claims") that may exist between them.

9. The Trustee has agreed to split the proceeds of the Settlements paid to WL on a 50/50 basis with Chartis Insurance, the carrier that prosecuted the Claims. The Trustee incurred minimal legal fees and costs with respect to the Claims and Settlements.

10. The Settlement with Executive, attached hereto as Exhibit "A," provides, among other things, the following:

    (a) Executive and/or its insurers will pay to WL a total of $5,000.00;

    (b) The Claims shall be fully settled and compromised as between Executive and WL;

    (c) Executive and WL shall bear their own fees and costs with respect to the Action.

11. The Settlement with Bourne, attached hereto as Exhibit "B," provides, among other things, the following:

    (a) Bourne and/or its insurers will pay WL a total of $5,250.00;

(b) The Claims shall be shall be and are hereby fully settled and compromised as between Bourne and WL;

(c) Bourne and WL shall each bear their own fees and costs with respect to the Action.

12. The Settlement with Hy-Tech, attached hereto as Exhibit "C," provides, among other things, the following:

(a) Hy-Tech and/or its insurers will pay WL a total of $7,000.00;

(b) The Claims shall be shall be and are hereby fully settled and compromised as between Hy-Tech and WL;

(c) Hy-Tech and WL shall each bear their own fees and costs with respect to the Action.

13. The Settlement with Lasco, attached hereto as Exhibit "D," provides, among other things, the following:

(a) Lasco and/or its insurers will pay WL a total of $3,750.00;

(b) The Claims shall be shall be and are hereby fully settled and compromised as between Lasco and WL;

(c) Lasco and WL shall each bear their own fees and costs with respect to the Action.

14. The Settlement with Kerdus, attached hereto as Exhibit "E," provides, among other things, the following:

(a) Kerdus and/or its insurers will pay WL a total of $25,000.00;

(b) The Claims shall be shall be and are hereby fully settled and compromised as between Kerdus and WL;

(c) Kerdus and WL shall each bear their own fees and costs with respect to the Action.

15. The Settlement with LMI, attached hereto as Exhibit "F," provides, among other things, the following:

(a) LMI and/or its insurers will pay WL a total of $14,278.00;

(b) The Claims shall be shall be and are hereby fully settled and compromised as between LMI and WL;

(c) LMI and WL shall each bear their own fees and costs with respect to the Action.

## RELIEF REQUESTED

16. By the Motion, the Trustee seeks approval of the Settlements pursuant to Bankruptcy Rule 9019.

## BASIS FOR RELIEF REQUESTED

17. This Court has the authority to grant the relief requested in this Motion pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[3] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993). In addition, this District has recognized that the approval of a

---

[3] Bankruptcy Rule 9019 provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

18. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting Louise's, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. Martin, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

> (a) The probability of success in the litigation;
> (b) The complexity, expense and likely duration of the litigation;
> (c) The possibilities of collecting on any judgment which might be obtained;
> (d) All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and
> (e) Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968). See also Martin, 91 F.3d at 393. Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, 390 U.S. at 425. The TMT rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.) (quoting In re Drexel Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991)). See also, Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983).

19. Applying the foregoing standards to this case, the Trustee believes that the Settlements are in the best interests of the estate and its creditors, and is fair and equitable. The

Settlements result in a total recovery of $30,139.00 (fifty [50%] percent of $60,278.00 for the estate which may not have been otherwise available.

20. In addition, the Settlements avoid the costs and expense of further litigation.

21. Thus the Settlements are well within the range of reasonableness and the Trustee respectfully submits that they should be approved.

## NOTICE

22. Notice of this Motion has been given to: to (i) the United States Trustee, (ii) counsel to all parties to the Settlements, and (iii) all parties in interest having requested notice pursuant to Rule 2002 as of the date hereof. In light of the nature of the relief requested herein, the Trustee respectfully submits that no other or further notice need be given.

23. Pursuant to Local District Court Rule 7.1.2(a), incorporated by reference into the Local Rules of the Bankruptcy Court and because there are no novel issues of law presented in this Motion, the Trustee waives his right to file a brief in support of this Motion and the legal argument contained herein shall be considered in lieu of the opening brief.

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached hereto, (i) authorizing the Trustee to enter into and approve the compromises set forth in the Settlements between each of the Released Defendants and WL; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: April 5, 2010                               CIARDI CIARDI & ASTIN

                                                  _/s/ Shannon D. Leight_
Daniel K. Astin (No. 4068)
Shannon D. Leight (No. 4115)
919 N. Market Street, Suite 700
Wilmington, Delaware 19801
Tel: (302) 658-1100
Fax: (302) 658-1300
dastin@ciardilaw.com
sleight@ciardilaw.com

                                                    -and-

Albert A. Ciardi, III
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103
Tel: (215) 557-3550
Fax: (215) 557-3551
aciardi@ciardilaw.com

*Counsel to George L. Miller,
Chapter 7 Trustee*