## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :  Chapter 7
                                                           :
WL HOMES LLC, et al.,[1]                                   :  Case No. 09-10571 (BLS)
                                                           :  (Jointly Administered)
Debtors.                                                   :
                                                           :  Honorable Brendan Linehan Shannon
                                                           :
                                                           :  **Objection Deadline: TBD**
                                                           :  **Hearing Date: TBD**
---------------------------------------------------------- x

## RESPONSE OF BAKER & HOSTETLER LLP TO CHAPTER 7
## TRUSTEE'S OBJECTION TO FINAL FEE APPLICATION

Baker & Hostetler LLP ("**Baker Hostetler**"), which filed a Final Fee Application for Compensation and Reimbursement of Expenses for the period June 9, 2009 through and including January 15, 2010 (the "**Application**") hereby files its response to the Chapter 7 Trustee's objection (the "**Objection**") to such Application (which Objection was dated April 12, 2010) and respectfully states as follows:

        1.     In Paragraph 9 of the Objection, the Trustee disputes that Baker Hostetler is entitled to relief sought in the Application because "it was not retained in the Chapter 7 phase of the bankruptcy case in any capacity." This objection is patently misleading and fails to inform this Court as to the true facts involved.

        2.     Baker Hostetler was previously engaged by a Court order in the Chapter 11 proceedings as an ordinary course professional. Notably, when Baker Hostetler filed its final

---

[1] The Debtors, in these cases, along with the last four digits of each of the Debtor's federal tax identification number, are: WL Homes LLC (6595); JLH Realty & Construction, Inc. (1899); JLH Arizona Construction, LLC (2154); WL Texas LP (0079); WL Homes Texas LLC (0103); and Laing Texas LLC (0052). The current mailing address for each of the Debtors is 19520 Jamboree Road, Suite 500, Irvine, CA 92612.

fee application seeking payment in that case, the Trustee similarly objected thereto on what Baker Hostetler believes to be unjustifiable grounds (the matter is still pending).

3. Promptly after the Chapter 11 case was converted to a Chapter 7 case, Baker Hostetler contacted the Trustee, Mr. Miller, and advised him that it was representing the debtor in several matters, including a case in which the debtor was the plaintiff seeking damages in excess of $200,000 based upon a breached promissory note.

4. Mr. Miller asked Baker Hostetler for details and documents relating to the litigation and an evaluation, all of which was provided on more than one occasion. He kept promising to make a decision as to whether or not the litigation should be pursued, but failed to do so despite repeated requests.

5. Baker Hostetler was left in the uncomfortable position of being counsel of record for debtor, yet Mr. Miller kept procrastinating making a decision as to whether he would pursue the litigation (and in which case Baker Hostetler would be formally engaged, if Mr. Miller elected to continue with such counsel). During the coming months, since it remained counsel of record, Baker Hostetler had to deal with opposing counsel on several occasions. Baker Hostetler was reluctant to withdraw from the case because that would have sent a distinctly negative signal to the defendants and would likely have made any possible settlement more difficult, if not impossible.

6. Finally, in December 2009, almost six (6) months after the first contact with Mr. Miller and after numerous requests that Mr. Miller make a decision, Mr. Miller, through his attorneys requested that Baker Hostetler offer a settlement to the defendants in the litigation, with the admonition to them that if the settlement was not accepted, he would remove the case to

the bankruptcy court in Delaware and have it prosecuted there. Baker Hostetler communicated the offer, which was not accepted.

7. Over the next few weeks, Baker Hostetler sought on numerous occasions to get Mr. Miller's attorneys to confirm that the case had in fact been removed. Baker Hostetler was given incorrect information and ultimately learned that the case had not in fact been removed.

8. Finally, in early January, Baker Hostetler reminded Mr. Miller's attorneys that the case was scheduled for a mandatory settlement conference and then a trial a few weeks after that. Again, Baker Hostetler was put in the uncomfortable position of being counsel of record (with all attendant obligations to the state court, opposing counsel, and arguably to the creditors and the debtor as well) but with no formal engagement by the Trustee, and no directions on how to proceed.

9. On January 5, 2010, which was only a few days before the mandatory settlement conference and approximately two and one half weeks before the scheduled trial, Mr. Miller's attorneys finally advised Baker Hostetler that if Baker Hostetler waived all of its fees in the two bankruptcy cases, it could pursue the matter on a 30% contingency basis. Needless to say, this was considered a ridiculous offer and it was rejected.

10. The Trustee's attorneys then instructed Baker Hostetler to dismiss the case, and specifically offered to pay for the costs of my work incurred in pursuing and filing the dismissal.

11. The foregoing sequence of events is documented in a series of emails between Baker Hostetler, Mr. Miller and Mr. Miller's attorneys, copies of which are attached hereto as Exhibit "A."

12. In short, it appears that Mr. Miller expects Baker Hostetler to work for free. Despite keeping Baker Hostetler "on the hook" as counsel of record for matters, and despite his asking for information, materials and work to be performed, he now claims that **nothing** is owed to Baker Hostetler because "he never formally engaged Baker Hostetler." This is disingenuous and is remarkably similar to his position in connection with Baker Hostetler's Chapter 11 fee application, except in that case, while Mr. Miller denied that Baker Hostetler had been engaged, the evidence proves matters to the contrary.

13. Moreover, as a result of Mr. Miller's procrastination, indecision and the manifest errors made by his attorneys in connection with the removal of the case, a potentially valuable asset of the estate was lost. One can only speculate if Mr. Miller and his attorneys have submitted applications for compensation for **their** time spent on this matter.

///

///

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

Baker Hostetler respectfully requests that this Court enter an order granting its Application (a Proposed Order was attached to the Application). If the Court is not inclined to do so without further testimony or argument, Baker Hostetler respectfully requests that the Court schedule the Application for a hearing, and that Baker Hostetler be permitted to attend such hearing telephonically, as its offices, and the attorneys involved in this matter, are in California and it would be unduly burdensome, given the amount involved, to require a personal appearance in Delaware.

Dated: April 22, 2010

Respectfully submitted,

Bruce R. Greene
BAKER & HOSTETLER LLP
12100 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
Telephone: 310.442.8834
Facsimile: 310.826.0985
Email: bgreene@bakerlaw.com